**HUIE–CLARK JOINT VENTURE,**
**Appellant,**

v.

**AMERICAN STATES INSURANCE CO. OF TEXAS, Douglas Allen Dawes, D. Lee Causey and Contemporary Collections, Inc., Appellee.**

**No. 20777.**

Court of Appeals of Texas,
Dallas.

Dec. 21, 1981.

Rehearing Denied Feb. 24, 1982.

William V. Counts, G. Ward Beaudry, Dallas, for appellant.

L. Kelly Jones, Jones, Pruitt, Marlow & Barrett, Arlington, for appellee.

Before CARVER, FISH and VANCE, JJ.

VANCE, Justice.

Huie-Clark Joint Venture appeals from a judgment under Tex.R.Civ.P. 664a (Vernon 1978), dissolving a pre-judgment writ of garnishment, contending that there is insufficient evidence to support dissolution. Rule 664a, however, places the burden on Huie-Clark to prove its right to the writ at the dissolution hearing. We have therefore examined the record, which is without findings of facts and conclusions of law, to determine if Huie-Clark proved its entitlement as a matter of law. We conclude that it did not and consequently affirm.

Huie-Clark brought suit against its tenants, Contemporary Collections, Inc. and Douglas Allen Dawes, and against a guarantor of the lease, D. Lee Causey, for rentals claimed due under a written lease agreement. That suit is not involved in this appeal. Huie-Clark then commenced a second suit by causing a writ of garnishment to be issued against American States Insurance Company of Texas. American States answered the writ, stating it held proceeds of an insurance policy payable to Contemporary Collections. Contemporary Collections and Dawes moved under Rule 664a to dissolve the writ. After a hearing and presentation of evidence the trial court granted the motion, and this appeal was taken.

The writ was issued pursuant to Tex.Rev. Civ.Stat.Ann. art. 4076 (Vernon 1966), which authorizes pre-judgment garnishment in cases:

2. Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this State, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee.

When a motion to dissolve the writ is filed, the garnishor's burden is defined by the following provision of Rule 664a:

The writ shall be dissolved unless, at such hearing, the plaintiff shall prove the grounds relied upon for its issuance.

Since the garnishor had the burden to "prove the grounds relied upon" for

issuance of the writ, any failure on its part to carry that burden, with respect to *each* ground in art. 4076(2), would require the trial court to dissolve the writ. We hold that Huie-Clark failed to carry its burden of showing that the defendants, Contemporary Collections or Dawes, did not have, within Huie-Clark's knowledge, property in defendant's possession within this state, subject to execution, sufficient to satisfy the debt. No evidence whatever was offered on this point.[1] Consequently, the trial court properly dissolved the writ.

■ In view of the failure of proof on one of the grounds Huie-Clark relied upon for issuance of the writ, we need not address Huie-Clark's other points concerning what additional proof which might have been required or the effect, if any, of the guaranty under Rule 664a. We need only address Huie-Clark's final point, which asserts that the motion of Contemporary Collections and Dawes does not support the dissolution granted by the trial court. We disagree. This motion is sufficient to invoke the operation of the rule. Under Rule 664a the movants need only:

> [A]dmit or deny each finding of the order directing the issuance of the writ except where the movant is unable to admit or deny the finding, in which case movant shall set forth the reasons why he cannot admit or deny.

Huie-Clark concedes this was properly done.

Affirmed.

---

**1.** We refrain from addressing the question of whether Rule 664a requires proof of the lack of *knowledge* on behalf of the garnishor-affiant in respect to the property in the possession of the debtor or requires proof of *actual insufficiency* of the property in the possession of the debtor. No evidence was presented under either construction, therefore, dissolution was proper in either case.