**Paul SWIDERSKI, Appellant,**

v.

**VICTORIA BANK & TRUST COMPANY, Appellee.**

**No. 13–85–190–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 6, 1986.

Rehearing Denied March 20, 1986.

O.F. Jones, III, Victoria, for appellant.

Lynn Knaupp, Victoria, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellant became a judgment debtor of appellee after defaulting on automobile loans. Appellee then successfully garnished funds held by garnishees, Cullen, Carsner & Seerden and Prudential Property & Casualty Insurance, to satisfy the outstanding debt. Appellant brings three points of error with regard to the writ of garnishment.

Appellee obtained a final judgment against appellant for $6,931.23 plus interest and costs, resulting from a suit brought when appellant defaulted on two automobile loans. Garnishee Seerden possessed a draft, payable to Paul and Lisa Swiderski in the amount of $29,995.00, which represented a settlement arising out of an accident involving the Swiderskis. Payment of the draft was subject to execution of Releases and an Order of Dismissal by the Swiderskis. The garnishees deposited $7,143.88 in the registry of the court, which the trial court awarded to appellee by writ of garnishment.

Appellant, by his first point of error, complains that the writ should have been dissolved since the trial court's determination of the motion to vacate came ten days after appellant filed the motion, in violation of TEX.R.CIV.P. 664a. Appellant further complains, under point of error one, that the trial court erred in failing to enter judgment discharging the garnishees since appellee did not controvert the garnishees' answer. Finally, in points of error two and three, appellant complains of trial court error in granting the writ of garnishment because there was no evidence that garnishees were indebted or in possession of property belonging to appellant. Appellant misconstrues the purpose and requirements of the rules governing garnishment.

Prior to 1977, a judgment debtor's recourse in garnishment proceedings was to file a replevy bond, in which case the debtor defendant in garnishment could raise any defense which the defendant in garnishment could make in such suit. See TEX.R.CIV.P. 664 (Vernon 1967). The replevy bond was double the amount of the plaintiff's debt and conditioned for the payment of any judgment that may be rendered against the garnishee. *Id.* The Texas Supreme Court amended this rule in response to the U.S. Supreme Court's decisions in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). *North Georgia Finishing* dealt

with the constitutionality of a Georgia prejudgment garnishment statute which permitted "the defendant to dissolve the garnishment by filing a bond conditioned for the payment of any judgment that shall be rendered on said garnishment." *Id.* at 603, 95 S.Ct. at 721. Specifically, the issue before the Court was whether the Georgia prejudgment garnishment provisions satisfied the Due Process Clause of the Fourteenth Amendment.

The U.S. Supreme Court in *North Georgia Finishing,* while reversing and remanding the Georgia Supreme Court's holding that the statute was valid notwithstanding the failure to provide notice and hearing to the debtor, found:

> There is no provision for an early hearing at which the creditor would be required to demonstrate at least probable cause for the garnishment. Indeed, it would appear that without the filing of a bond the defendant debtor's challenge to the garnishment will not be entertained, whatever the grounds may be.

*Id.* at 607, 95 S.Ct. at 722. The rules governing prejudgment garnishment in Texas were strikingly similar to the Georgia statute. Consequently, in 1977, the Texas garnishment provisions were amended to conform to *Fuentes* and *North Georgia Finishing.* The addition of Rule 664a afforded the defendant debtor a prompt hearing and provided the procedures, burden of proof and the kind of proof to accompany the hearing.

It is important to note that the case at hand involves a postjudgment garnishment, whereas *Fuentes* and *North Georgia Finishing* concern prejudgment deprivation of property.[1] Likewise, TEX.R.CIV.P. 664 (Vernon 1967) governed the replevy of garnished goods "at any time before judgment." TEX.R.CIV.P. 664 continues to allow for prejudgment replevy bonds, but no longer provides that the defendant debtor

may make any defense which the defendant in garnishment could make in the suit. Rather, Rule 664a now provides for a hearing when the defendant debtor chooses to intervene in either a prejudgment or postjudgment garnishment proceeding.

■ A Rule 664a hearing is a distinct proceeding from the writ of garnishment proceeding between the garnishor and garnishee. "The filing of the motion (to vacate, dissolve or modify the writ of garnishment) shall stay any further proceedings under the writ, except for any orders concerning the care, preservation or sale of any perishable property, until a hearing is had, and the issue is determined." TEX.R. CIV.P. 664a. The issue to be determined in a Rule 664a hearing is that "the plaintiff shall prove the grounds relied upon for its (the writ of garnishment's) issuance." *Id;* *see Black Coral Investments v. Bank of the Southwest,* 650 S.W.2d 135, 136 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Huie-Clark Joint Venture v. American States Insurance Co.,* 629 S.W.2d 109, 110–111 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). In a postjudgment writ of garnishment, a writ is issued if "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX.CIVIL PRACTICE AND REMEDIES CODE ANN. § 63.001(3) (Vernon 1986).[2]

■ Therefore, at a Rule 664a hearing, the plaintiff does not have to prove that the garnishee is indebted to the defendant debtor as appellant contends. This is true for prejudgment as well as postjudgment writs of garnishment. When a defendant debtor seeks to dissolve a prejudgment writ of garnishment, the plaintiff

---

1. We make this distinction at the outset because prejudgment garnishment proceedings afford the debtor more protection than postjudgment proceedings, yet do not place the garnishor under the burden appellant advocates. This will be more fully discussed in the ensuing pages.

2. Formerly TEX.REV.CIV.STAT.ANN. art. 4076 (Vernon 1966), now codified in the Civil Practice and Remedies Code pursuant to Act of May 17, 1985 ch. 959, § 9(1), Tex.Sess.Law Serv. 7218 (Vernon).

must prove the grounds relied upon for its issuance. A prejudgment writ of garnishment is issued if:

A plaintiff sues for a debt and makes an affidavit stating that:

(A) the debt is just, due, and unpaid;

(B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and

(C) the garnishment is not sought to injure the defendant or the garnishee.

TEX.CIVIL PRACTICE AND REMEDIES CODE ANN. § 63.001(2) (Vernon 1986). Not even the stringent prejudgment garnishment proceedings require the garnishor to prove the garnishees' indebtedness to the defendant debtor in a Rule 664a hearing. Upon review of the record, we find the plaintiff has proven the grounds relied upon for the issuance of the writ of garnishment. We overrule appellant's second and third points of error.[3]

As to appellant's first point of error, Rule 664a states, "Unless the parties agree to an extension of time, the motion shall be heard promptly, after reasonable notice to the plaintiff (which may be less than three days), and the issue shall be determined not later than ten days after the motion is filed." The amended Motion to Vacate the Writ of Garnishment was filed December 5, 1984. The trial court held a hearing upon the motion on December 5, 1984, at which time the following discourse occurred:

MR. JONES (Counsel for appellant):

The rules provide, Your Honor, that you may hear a Motion to Dissolve or Vacate at any time except on the following where there is reasonable notice to the other side and then it says the Court shall rule, but it does say the Court has ten days within which to rule. I say that the Court should withhold its ruling until the answer of Cullen, Carsner and Seerden is filed so that the Court will have a complete record to act.

(Discussion of matters other than Rule 664a)

THE COURT:

Okay, let me just ask this. The rule does provide that I can withhold my ruling for ten days. What will be the practical effect of my doing that?

MR. JONES:

The only—I don't think there is any practical effect of it, Judge, except the fact that Cullen, Carsner and Seerden has (sic) not filed their answer and the Court doesn't have that in the papers of the case.

THE COURT:

I would like to have that.

(Discussion of matters other than Rule 664a.)

MS. KNAUPP (Counsel for Appellee): Until there is an answer, I am forsure (sic) not out on it, and like I said, this isn't a matter—until Cullen, Carsner files an answer saying they don't owe any money, is a matter of law under the community property aspect of that settlement and the person receiving that money I would say, until I am able to discover or do something to figure out how much that is, how much of that settlement is for earnings and medical expenses and might be community property, I can't be thrown out today on that....

(Discussion of matters other than Rule 664a).

Garnishee Seerden filed an answer to the application for Writ of Garnishment on December 11, 1984. The hearing on the Motion to Vacate the Writ of Garnishment was reconvened on January 21, 1985, at which time appellant raised the ten-day limitation in Rule 664a.

■ At appellant's request, the trial court withheld its decision so as to allow garnishees to file an answer. The record supports appellee's contention that the par-

---

**3.** If the settlement draft in the possession of the garnishee actually is the separate property of appellant's wife, as appellant contends, these garnishment proceedings do not bar any claims she might have against the garnishee. However, this issue need not be addressed since the garnishee is not a party in this appeal of the writ of garnishment.

ties agreed to an extension of time, in compliance with TEX.R.CIV.P. 11 on open court agreements.

Further, the trial court did not err in failing to discharge the garnishees, as appellant contends TEX.R.CIV.P. 666 mandates. Rule 666 says: "[S]hould the answer of the garnishee not be controverted as hereinafter provided, the court shall enter judgment discharging the garnishee." The garnishees' attempt to answer the matters inquired of in the writ of garnishment fails, as the answer was not under oath. Therefore, the trial court could properly enter a default judgment where the garnishee fails to file an answer to the writ of garnishment. *Sweeny Bank v. Ritchie, Hopson & Associates, Inc.* 628 S.W.2d 175 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); TEX.R.CIV.P. 667.[4] We overrule appellant's first point of error.

Although some confusion occurred at trial by integrating the Rule 664a hearing and writ of garnishment proceedings in one ordeal, the trial court did not err in issuing the writ of garnishment. The judgment of the trial court is affirmed.

Janet Morrow, Walter C. Prentice, Houston, for appellant.

John Holmes, Jr., Dist. Atty., Dinah Bailey, Jan Krocker, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

---

**4.** Note that the garnishee is not a party to this appeal; however, due to the confusion at the trial court over the nature of a Rule 664a hearing, we address appellant's contentions.