Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00763-CV

**THE CADLE COMPANY**,
Appellant

v.

Mark T. **DAVIS** and Alamo Title Company,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-05826
Honorable Larry Noll, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  December 29, 2010

REVERSED AND REMANDED

The Cadle Company appeals the judgment awarding Mark T. Davis damages and attorney's fees on his breach of contract claim. We reverse the judgment and remand Davis's breach of contract and wrongful garnishment claims to the trial court.

## BACKGROUND

Mark Davis borrowed money from San Antonio Savings Association and secured the loan with a first mortgage on property he owned in Comal County. Cadle obtained the

indebtedness through a series of transactions. In 1993, Cadle brought suit to convert the loan into a judgment. Cadle and Davis entered into a consent judgment in the amount of $45,167.74, and Cadle obtained a lien on the Comal County property. At some point, the Internal Revenue Service ("IRS") also placed a lien on the Comal County property. Davis testified that over the course of four years following the entry of the consent judgment Cadle regularly contacted him to inquire about non-exempt property and ask for payments to satisfy the consent judgment. Davis testified he gave a non-stenographic deposition regarding his assets in 1994.

In 1997, Pete Barta, a representative of Cadle, began discussions with Davis about selling the Comal County property. Davis claims that Barta offered to settle and release all claims relating to the consent judgment if Davis resolved the tax lien issue, sold the property, and gave Cadle the proceeds remaining after paying the IRS. Davis testified Barta said "if you can sell it [the property], I will work out a deal with the IRS and we will get all of this behind us and be through with it." However, Barta testified he told Davis that if he could persuade the IRS to accept a small portion of the proceeds of the sale in order to release its lien, Cadle would likewise agree to release its deed of trust in exchange for a portion of the proceeds. Barta testified he never agreed to release the consent judgment. A buyer for the property was found and Davis contacted the IRS to negotiate a release of the tax lien. The IRS agreed to release the lien for a portion of the sale proceeds. After the IRS was paid, Cadle received $7,500 from the sale.

In the present litigation, Davis asserts the 1997 sale and agreement satisfied the consent judgment. Davis contends numerous documents demonstrate that Cadle agreed to not only release the lien but also the judgment when Cadle received a portion of the proceeds on the property sale. Cadle, on the other hand, contends the payment of the $7,500 was for release of

the lien only, and it did not forgive the entire debt. Among other evidence, Cadle refers to Barta's testimony that the agreement was only to release the lien, as demonstrated by the Release of Deed of Trust executed by Cadle.

Both parties agree that from 1997 until 2003, Cadle took no action to collect on the consent judgment. Davis testified that in September 2003, a Bexar County deputy sheriff left a card at his mother's residence. Davis stated he called the deputy, who told him he had a document directing the sheriff to collect on the Cadle judgment. Davis testified he told the deputy he had no non-exempt property, and the deputy took no further action.

Davis testified that approximately two months later Ted Lance, another Cadle representative, contacted him regarding the judgment. Davis said he told Lance the judgment was settled in 1997, but Lance insisted it was not. Davis testified Lance warned him that if he did not pay the judgment, Cadle would seize the money in Davis's IBC bank account. Davis sent Cadle financial information showing he had no assets. Davis testified he received harassing phone calls from Cadle and he decided to make a good faith payment and consult a lawyer. Davis hired an attorney who sent several letters to Lance in March and April of 2004. Davis claims Lance and Cadle did not respond to the letters, but stopped harassing him.

In March 2006, Cadle garnished Davis's IBC account. Davis learned of the garnishment when he attempted to withdraw money from the account on March 29, 2006. Davis contacted his attorney that day, who then tried to contact Cadle's counsel to discuss the matter. On April 11, 2006, Davis filed an emergency motion to dissolve the writ of garnishment, which was heard the next day. The court granted the motion, dissolved the writ, and dismissed the garnishment suit with prejudice. Cadle appealed, and the order dissolving the writ of garnishment was affirmed by

this court. *Cadle Co. v. Int'l Bank of Commerce*, No. 04-06-00456-CV, 2007 WL 752260 (Tex. App.—San Antonio Mar. 14, 2007, pet. denied).

On April 12, 2006, Davis filed suit against Cadle for breach of contract, wrongful garnishment, and fraud.[1] Cadle counterclaimed, asserted affirmative defenses, and filed a third party action against Alamo Title[2] based on Davis's assertion that he was misled by the closing document prepared by Alamo. Davis's claims are based on Cadle's efforts to collect on the consent judgment that Davis contends was satisfied in 1997.

In his pleadings, Davis alleged the ruling in the garnishment case collaterally estopped Cadle from asserting that the judgment was not satisfied. Cadle disputed the application of collateral estoppel and asked the court to rule on the issue pretrial. After hearing argument of counsel and reviewing various exhibits, the trial court ruled Cadle was collaterally estopped from asserting that the 1993 consent judgment had not been legally satisfied. Before opening statements, the trial court instructed the jury as follows:

> Therefore, as you listen to the evidence in this case and consider the evidence in this matter, you are instructed to accept as a matter of law that the 1993 judgment of The Cadle Company versus Mark Davis has been satisfied. That issue is not a question for you to have to decide.

At the conclusion of Davis's case, Cadle moved for a directed verdict on Davis's claims for fraud and breach of contract. The motion was denied. After Cadle rested, Davis moved for directed verdict on two elements of the breach of contract claim—the existence of a contract and breach of the contract. Davis's argument for the directed verdict was grounded on the trial court's ruling on collateral estoppel. The trial court granted Davis's motion and included the following instruction in the jury charge: "You are instructed that in 1997 there was an agreement

---

[1] Davis plead other causes of action, but these were resolved by either a dismissal or a directed verdict and these orders are not challenged on appeal.

[2] Alamo received a take nothing judgment and there are no issues on appeal related to it.

between Davis and Cadle to satisfy the 1993 Consent Judgment and that Cadle has breached that agreement."

The jury returned a verdict in favor of Davis on his claims of wrongful garnishment, fraud, and breach of contract. Davis sought as damages for all three claims the attorney's fees he incurred in 2004 and in the garnishment action, the money paid to Cadle in 2004, and bank service charges.  Davis elected to recover on his contract claim, and the trial court rendered judgment, awarding damages in the amount of $273,926, which represents the actual damages ($20,642.00 for attorney's fees in garnishment action and $85 for out-of-pocket), and attorney's fees for preparation of the case through trial ($253,199.00).

Cadle appeals, claiming the trial court erred in denying its motion for directed verdict on the contract claim because (1) the claim was barred by either the statute of limitations or the statute of frauds, (2) the evidence is legally and factually insufficient that an agreement was reached, and (3) there was no evidence of an agreement not to collect on the "allegedly satisfied judgment." Cadle also asserts the trial court improperly instructed the jury on collateral estoppel, which caused an improper verdict.

Cadle also argues the jury's affirmative finding of wrongful garnishment was erroneous because an element of a wrongful garnishment claim is whether there was a valid judgment and the court erroneously instructed them that Cadle could not assert otherwise. Additionally, Cadle claims Davis failed to prove fraud because there is no legal or factually sufficient evidence of an actionable misrepresentation, and the claim is barred by limitations.

Lastly, Cadle claims Davis was not entitled to an award of damages because (1) there was no legal basis to award Davis attorney's fees related to the garnishment action, (2) the trial court admitted highly prejudicial evidence to justify the fees, and (3) the pleadings did not support the

award. Cadle asserts the award of attorney's fees is excessive and Davis did not properly segregate the fees.

## STATUTE OF LIMITATIONS AND FRAUDS

Cadle moved for a directed verdict on Davis's contract claim asserting it was barred by the statute of limitations or alternatively the statute of frauds. As a general rule, the statute of limitations for a breach of contract action is four years from the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2002); *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 315 (Tex. 2006). A breach of contract occurs when a party fails or refuses to do something he has promised to do. *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). A breach of contract cause of action accrues when a party has been injured by actions or omissions of another. *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006) (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) ("A cause of action can generally be said to accrue when the wrongful act effects an injury")); *see also Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). "The accrual of the cause of action 'means the right to institute and maintain a suit; and whenever one person may sue another a cause of action has accrued, and the statute begins to run.'" *Port Arthur Rice Milling Co. v. Beaumont Rice Mills*, 105 Tex. 514, 143 S.W. 926, 928 (1912)(emphasis omitted).

Davis based his contract claim on the alleged oral agreement between Cadle and Davis that the 1993 judgment would be satisfied by Cadle's receipt of a portion of the proceeds from the sale of the Comal County property. Cadle contends that if there was a breach of contract, it occurred in 1997 when it failed to release the judgment and Cadle informed Alamo Title it would not release the debt. However, Davis argues the breach occurred when Cadle attempted to collect on the judgment. Davis testified that he had no contact from Cadle regarding debt collection

efforts until September 2003. Nothing in the record suggests Cadle attempted to collect on the consent judgment prior to September 2003. Because the petition alleged that the agreement was that the judgment was satisfied by the proceeds from the sale of the property, we agree with Davis that any breach occurred when efforts to collect on the judgment were made. Suit was filed in 2006, within the statute of limitations. Therefore, the claim is not barred by limitations.

Nor does the purported agreement fall within the statute of frauds. The statute of frauds provides that an agreement "which is not to be performed within one year from the date of making the agreement" is not enforceable unless it is in writing. *See* TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(6) (West 2009). For the one-year provision to apply, performance within one year must be impossible. *See Chacko v. Mathew*, No. 14-07-00613-CV, 2008 WL 2390486, at \*3-4 (Tex. App.—Houston [14th Dist.] June 12, 2008, pet. denied) (mem. op.); *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 501 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Whether an agreement falls within the statute of frauds is a question of law. *Tabrizi v. Daz-Rez Corp.*, 153 S.W.3d 63, 66 (Tex. App.—San Antonio 2004, no pet.). The purported contract between the parties was an agreement that the judgment would be satisfied upon the sale of the Comal County property and Cadle's receipt of the sale proceeds. This obligation is clearly performable in one year and does not fall within the statute of frauds.

## COLLATERAL ESTOPPEL

Cadle argues the trial court improperly ruled and instructed the jury on collateral estoppel, resulting in an improper verdict. Cadle contends it should not have been collaterally estopped from asserting that the judgment had not been satisfied because the issue was not fully and fairly litigated in the garnishment action and the issue of satisfaction of the judgment was not essential to the garnishment judgment.

The applicability of collateral estoppel to a particular judgment is a question of law. *James v. City of Houston*, 138 S.W.3d 433, 437 (Tex. App.—Houston [14th Dist] 2004, no pet.); *Nu-Way Energy Corp. v. Delp*, 205 S.W.3d 667, 678 (Tex. App.—Waco 2006, pet. denied), *cert. denied*, 552 U.S. 1039 (2007); *Martin v. U.S. Trust Co. of N.Y.*, 690 S.W.2d 300, 307 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). The doctrine of collateral estoppel is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994); *Tarter v. Metro. Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex. 1988).

"A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002)(quoting *Sysco*, 890 S.W.2d at 801). Collateral estoppel extends only to those issues of fact or law that were expressly or necessarily determined in the prior action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984); *SWEPI, L.P. v. Camden Res., Inc.*, 139 S.W.3d 332, 339 (Tex. App.—San Antonio 2004, pet. denied).

To have collateral estoppel effect, the particular issue in the current case must have been actually litigated in the earlier proceeding, which means that the issue was raised by the pleadings or otherwise submitted for determination and was determined by the fact finder. *Rexrode v. Bazar*, 937 S.W.2d 614, 617 (Tex. App.—Amarillo 1997, no writ) (citing *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985)). The issue decided in the prior action must be identical to the issue in the pending action. *State & Cnty. Mut. Fire Ins.*

*Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001); *Getty Oil Co. v. Ins. Co. of North Am.*, 845 S.W.2d 794, 802 (Tex. 1992), *cert. denied*, 510 U.S. 820 (1993); *SWEPI, L.P.*, 139 S.W.3d at 339.

Davis argues Cadle was properly estopped from asserting the judgment had not been satisfied because of the judgment rendered in the garnishment proceeding and its affirmance on appeal. To resolve this point, we must decide what issues were actually litigated and finally determined in the garnishment proceeding.

Rule 664a of the Texas Rules of Civil Procedure governs the dissolution of a writ of garnishment and permits a defendant to seek dissolution for grounds or cause, extrinsic or intrinsic. TEX. R. CIV. P. 664a.; *Thompson v. Harco Nat'l Ins. Co*., 997 S.W.2d 607, 612 (Tex. App.—Dallas 1998, pet. denied), *overruled in part on other grounds by John v. Marshall Health Servs, Inc*., 585 S.W.3d 738, 741 (Tex. 2001). Rule 664a provides a writ shall be dissolved unless at the hearing on the motion to dissolve the garnishor proves the grounds relied upon for its issuance. TEX. R. CIV. P. 664a; *Thompson*, 997 S.W.2d at 612. "In the context of a post judgment garnishment proceeding, this means the garnishor must prove (a) it has a valid, subsisting judgment and (b) that within the garnishor's knowledge, the judgment debtor does not possess property in the state subject to execution sufficient to satisfy the judgment." *Id*. Since the garnishor has the burden of proof, any failure on its part to carry that burden requires the trial court to dissolve the writ. *Id*. at 613; *Huie-Clark Joint Venture v. Am. States Ins. Co*., 629 S.W.2d 109, 110-11 (Tex. App.—Dallas 1981, writ ref'd n.r.e.).

At the hearing on Davis's emergency motion to dissolve the writ of garnishment, Cadle had the burden of proving that the 1993 judgment was a valid and subsisting judgment. During

the hearing, counsel for Davis discussed the exhibits attached to the motion to dissolve the writ, including the affidavit of Davis. The exhibits included the following:

1.  Release of Deed of Trust;

2.  1993 consent judgment;

3.  Correspondence to IRS, Alamo Title, Davis, Cadle, and the parties' attorneys;

4.  Affidavit as to Debts & Liens, prepared by Davis, which states that Davis's first mortgage loan that was transferred to Cadle and that "entire amount was being "released" as the judgment was being satisfied";

5.  The Alamo Title Company closing documents, which reflect that $7500 was to pay off the first mortgage;

6.  The cancelled check;

7.  Writ of Garnishment;

8.  Application for Writ of Garnishment;

9.  Execution on 1993 judgment; and

10. Abstract of judgment.

Davis's affidavit identified the exhibits and set out the facts leading up to the garnishment. In the affidavit Davis denied that there was a valid and subsisting judgment.

Lance testified at the hearing as to Cadle's general practices and acknowledged he was not an employee of Cadle in 1997 when Davis sold the Comal County property. Lance had no personal knowledge of Cadle's actions prior to 2000, other than what he learned from the review of documents. After a brief hearing, the trial court dissolved the writ and stated:

> I am going to dissolve the writ. I guess I am troubled by that lack of evidence on Cadle's part of how they treated the $7500 payment. There was no communication in that six-year period that this was applied to a balance still due and owing. Cadle just didn't get that release drafted and filed is what it looks like to me at this point. But I understand that might be a subject of some other proceeding.

No formal findings of fact were entered by the trial court. Davis argues the statement in the garnishment judgment that the writ was dissolved "for the reason that the subject Judgment has been satisfied" is a fact finding. Although the statement is a factual assertion, findings of fact in judgments are forbidden and may not be considered on appeal. TEX. R. CIV. P. 299a; *Lafrensen v. Lafrensen*, 106 S.W.3d 876, 878 (Tex. App.—Dallas 2003, no pet.); *Frommer v. Frommer*, 981 S.W.2d 811, 812-14 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd).

A basic tenet of collateral estoppel is that an issue must have been actually resolved for it to have preclusive effect. *SWEPI, L.P.*, 139 S.W.3d at 339. Where the first fact finder did not determine the ultimate fact question at issue in the second proceeding, but merely determined a party failed to set forth proof to meet its burden in the first action, collateral estoppel does not apply. *See id*. The issue of whether Davis satisfied the judgment was not actually resolved in the garnishment proceeding. The trial court and this court simply determined Cadle did not meet its burden of proof.[3]

Additionally, even when the identical issue is litigated and determined by a valid and final judgment, relitigation is not precluded when the party against whom the preclusion is sought had a higher burden of proof in the initial action than in the subsequent action. *Sysco*, 890 S.W.2d at 802 (citing RESTATEMENT (SECOND) OF JUDGMENTS §§ 28(4), 29 (1982)); *see also Scurlock Oil Co., v. Smithwick*, 724 S.W.2d 1, 7 (Tex. 1986); *SWEPI, L.P.*, 139 S.W.3d at 339 n.10. In the garnishment proceeding, Cadle had the burden to prove there was a valid and subsisting judgment. In this case, Davis had the burden to prove there was no valid and

---

[3]On appeal we affirmed the trial court's judgment but noted: "We express no opinion as to whether The Cadle Company would be able to garner sufficient evidence to establish a valid and subsisting judgment in any subsequent proceeding between the parties. We only hold that The Cadle Company failed to introduce sufficient evidence to satisfy its burden in the underlying garnishment proceeding." *Cadle Co. v. Int'l Bank of Commerce*, No. 04-06-00456-CV, 2007 WL 752260, at *4 n.1 (Tex. App.—San Antonio Mar. 14, 2007, pet. denied).

subsisting judgment because he and Cadle had entered into a contract to resolve the debt, and the debt was satisfied. Accordingly, the garnishment judgment did not collaterally estop Cadle from contending in this case that there was no agreement to satisfy the judgment, and the trial court erred in instructing the jury on collateral estoppel. The erroneous application of collateral estoppel and the giving of the jury instructions that the 1993 consent judgment was satisfied led to the rendition of an improper verdict on Davis's contract and wrongful garnishment claims. [4] TEX. R. APP. P. 44 (a)(1) & (2).

Cadle argues that if we determine collateral estoppel is inapplicable then it is entitled to a reversal and rendition on the breach of contract claim. Cadle contends the alleged oral statements by Cadle are too indefinite to support the existence of an enforceable agreement as a matter of law. Cadle also contends that there is no evidence of consideration for Cadle to release its judgment.

"As long as there is a probability that a case has for any reason not been fully developed, an appellate court has the discretion to remand rather than render a decision." *Pena v. Smith*, 321 S.W.3d 755, 759 (Tex. App.—Fort Worth 2010, no pet.); *see also Scott E. Bader, Inc., v. Sandstone Prod., Inc*., 248 S.W.3d 802, 822 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Zion Missionary Baptist Church v. Pearson*, 695 S.W.2d 609, 613 (Tex .App.—Dallas 1985, writ ref'd n.r.e.). Here, the trial court's ruling on collateral estoppel affected the presentation of the case because the ruling relieved Davis of the burden to establish the terms of the purported agreement. Davis contends his trial strategy would have been different had the trial court not

---

[4] A garnishment is wrongful if the factual allegations in the affidavit, including allegations that there is a valid and subsisting judgment and the judgment debtor does not possess property in Texas to satisfy the judgment, are false. TEX. CIV. PRAC. & REM. CODE § 63.001 (West 2008); *Jamison v. Nat'l Loan Investors, L.P*., 4 S.W.3d 465, 468 (Tex. App.—Houston [1st Dist.] 1999, pet denied). Because the jury was improperly instructed to accept as a matter of law that the 1993 judgment of had been satisfied, the garnishment claim must be remanded along with the contract claim. TEX. R. APP. P. 44 (a)(1) & (2).

ruled that Cadle was collaterally estopped to assert the 1997 judgment was not satisfied and instructed the jury accordingly. *See Scott E. Badar, Inc.*, 248 S.W.3d at 822 (remand necessary because sanction order by trial court affected and shaped the presentation and development of case).

The collateral estoppel ruling affected Davis's claims for breach of contract and wrongful garnishment, as both are premised on whether the 1997 consent judgment was satisfied. Because of our conclusion that the trial court erred in applying collateral estoppel and instructing the jury as it did, and in the interest of justice, we remand this case for further proceedings on Davis's contract and wrongful garnishment causes of action. TEX. R. APP. P. 44 (a)(1) & (2).

## FRAUD

Cadle contends there is legally and factually insufficient evidence of an actionable misrepresentation.[5] Cadle argues that the only representation identified by Davis was an alleged statement by Pete Barta that "if you sell it [the Comal property], I will work out a deal with the IRS and we will get this behind us and be through with it." Cadle contends this statement is not sufficiently definite and specific to trigger Davis's reasonable reliance to support a fraud claim.

The elements of fraud are: (1) a false, material representation; (2) that was either known to be false when made or was made without knowledge of its truth; (3) that was intended to be acted upon; (4) that was relied upon; and (5) that caused injury. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc*., 960 S.W.2d 41, 47 (Tex. 1998). The mere failure to perform a contract is not evidence of fraud. But a promise of future performance is actionable if at the time the promise was made the promisor intended to deceive and had no intention of performing. *See id*. at 48; *Spoljaric v. Percival Tours, Inc*., 708 S.W.2d 432, 434 (Tex. 1986).

---

[5] Although judgment was not rendered on this issue, we address Cadle's complaint regarding the jury's finding of fraud because the jury's verdict allows for an alternate recovery based on the fraud claim.

Promises must be specific and definite enough for it to be reasonable to rely upon them. *See Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 559 (Tex. App.—San Antonio 1998, no pet.). Vague assurances that no reasonable person would rely upon are not actionable misrepresentations. *See id.*

Davis argues on appeal that his fraud claim is "based on representations that were made to induce [him] to enter into the 1997 agreement—that the Judgment would be satisfied with the sale of the Comal County property." Davis does not identify these "representations" or cite the record where there is testimony regarding the representations. Rather, Davis simply refers to the general statement that they would "get this behind us" and to the instruction on collateral estoppel. Vague representations cannot constitute a material representation actionable under our laws. *See In re Media Arts Group, Inc.*, 116 S.W.3d 900, 910 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [man. denied])(statement "don't worry about it" too vague to constitute material misrepresentation in claim of fraudulent inducement); *see also Bank One, Tex., N.A. v. Little*, 978 S.W2d 272, 280 (Tex. App.—Fort Worth 1998, pet. denied)(imprecise or vague representation constitutes mere opinion and is not actionable misrepresentation under DTPA); *Hedley Feedlot, Inc., v. Weatherly Trust*, 855 S.W.2d 826, 839 (Tex. App.—Amarillo 1993, writ denied)(imprecise statement not actionable misrepresentation under DTPA). We hold the evidence is legally insufficient to support the jury's finding on fraud because there is no evidence of a specific and definite misrepresentation. Therefore, a finding of fraud cannot support an alternate ground for judgment in favor of Davis and he is not entitled to a new trial on fraud.

## CONCLUSION

We hold Davis's breach of contract claim is not barred by limitations or the statute of frauds. We also hold that collateral estoppel does not apply in this case. The trial court erred in

instructing the jury the 1993 judgment had been satisfied, that there was an agreement between Davis and Cadle to satisfy the 1993 consent judgment, and Cadle breached that agreement. We reverse the judgment and remand Davis's breach of contract and wrongful garnishment claims for a new trial because of the improper application of collateral estoppel. We do not address Cadle's sufficiency challenges to the Davis's contract claim because there is a probability that Davis did not fully develop his breach of contract case due to the trial court's ruling on collateral estoppel. We also do not address Cadle's complaint regarding the jury's verdict on wrongful garnishment because the trial court's erroneous ruling on collateral estoppel and improper jury instructions requires a remand of the wrongful garnishment claim. We hold there is no evidence of an actionable misrepresentation. We need not address Davis's remaining issues on the award of actual damages and attorney's fees because we reverse and remand the breach of contract and wrongful garnishment claims for new trial.

Steven C. Hilbig, Justice