**Reverse and Remand; Opinion Filed July 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00867-CV

---

### MICHAEL WEASE, Appellant
### V.
### BANK OF AMERICA AND JAMES CASTLEBERRY, Appellees

---

### On Appeal from the 255th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-14-06455

---

# MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Lang

This is an appeal from a post-judgment garnishment action. In one issue on appeal, Michael Wease ("Wease"), a purported owner of the garnished bank account, contends the trial court erred in "accepting an Agreed Judgment" between James Castleberry ("Castleberry"), the garnishor, and Bank of America, the garnishee, without conducting a hearing or deciding Wease's motion to dissolve the writ of garnishment. We decide in favor of Wease. We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record, Castleberry obtained a final judgment against his former wife, Candi Sue Wease a/k/a Candi Sue Castleberry ("Candi"), for $5,425.00 plus interest. On April 3, 2014, Castleberry filed this garnishment action asserting that Candi lacked sufficient property

in Texas to satisfy the judgment and that Bank of America was "indebted to, or possess[ed] non-exempt property belonging to, Judgement Debtor, Candi Sue Wease a/k/a Candi Sue Castleberry." Bank of America filed an answer to the writ of garnishment, stating it was indebted to Candi "in the amount of $1,899.48 in an account styled 'Michael R. Wease or Candi C. Wease.'" Appellant Wease is Candi's husband.

On May 20, 2014, a "Notice of Hearing" on Castleberry's writ of garnishment was filed in the trial court. The blanks for date and time on the file stamped notice in the clerk's record are not filled in with any date or time. However, an entry in the district clerk's case summary, described as "Writ of Garnishment" and "Case Closed," shows that a "*Canceled* Motion Hearing," was set for June 23, 2014, at 1:30 p.m. (emphasis in original).

On June 2, 2014, Wease filed in the trial court a sworn document entitled, "Motion to Dissolve Writ of Garnishment, Sanctions." In that motion, Wease asserted that he was the owner of the bank account, which Bank of America identified in its answer to the writ of garnishment, and that "Garnishee [Bank of America] has no debt to Defendant Candi Wease." No response was filed to Wease's motion to dissolve, and no hearing was held on the motion. The record reflects that on June 6, 2014, an agreed judgment was approved in writing by Castleberry and Bank of America and signed by the trial court. The agreed judgment provided that Castleberry recover $1,199.48 against Bank of America "to be credited to the judgment [against Candi]." By rendering the agreed judgment, the trial court implicitly denied Wease's motion to dissolve the writ of garnishment *See* TEX. R. APP. P. 33.1(a)(2)(A); *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 767 (Tex. 2011). This appeal followed.

## II. AGREED JUDGMENT

Wease contends the trial court "violated rule 664 of the [Texas Rules of Civil Procedure] by not staying 'further proceedings'" when it rendered the agreed judgment between Castleberry

and Bank of America before conducting a hearing on Wease's motion to dissolve the writ of garnishment. Castleberry raises two points in response: (1) Wease "lacks standing to contest the issuance of [the] writ"; and (2) Wease's motion "is insufficient on its face to establish a defense to the proposed garnishment." Bank of America did not file a brief, but it filed a letter with this Court, stating "Bank of America does not oppose the relief Mr. Wease seeks from this Court."

*A. Standard of Review*

We review a trial court's ruling on a motion to dissolve a writ of garnishment for an abuse of discretion. *Jacobs v. Jacobs*, 448 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist. 2014, no pet.). "[A] trial court abuses its discretion if, under the record, it reasonably could have reached only one conclusion and it failed to do so." *Moroch v. Collins*, 174 S.W.3d 849, 864 (Tex. App.—Dallas 2005, pet. denied) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). "However, because a trial court has no discretion in determining what the law is or applying the law to the facts, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* at 864–65.

*B. Applicable Law*

"Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt." *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992). "The garnishee is a third party who owes a debt to or holds property of the debtor. The plaintiff or garnishor is a creditor of the debtor and requests the court to issue the writ of garnishment to the garnishee." *Tenet Health Sys. Hosps. Dallas, Inc. v. N. Tex. Hosp. Physicians Grp., P.A.*, 438 S.W.3d 190, 197 (Tex. App.—Dallas 2014, no pet.). "It has long been recognized in this state that the remedy of garnishment is summary and harsh, and should not be sustained unless there is strict compliance

with the statutory requirements." *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, orig. proceeding).

Garnishment proceedings are governed by Chapter 63 of the Texas Civil Practices and Remedies Code and Rules 657 through 679 of the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 63.001–.008 (West 2015); TEX. R. CIV. P. 657–79. When a garnishee responds to a writ of garnishment by answering that it actually holds funds belonging to the debtor, the garnishee's answer "establishes prima facie proof that the debtor owns the funds, and without further evidence the garnishee may have those funds applied to pay the debt owed by the debtor." *Bechem v. Reliant Energy Retail Servs., LLC*, 441 S.W.3d 839, 843 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "A debtor may controvert the garnishee's answer, however, or a third party may intervene claiming an interest in the garnished property." *Id.* (citing TEX. R. CIV. P. 664a, 673). "[A]n intervention is timely and proper if brought anytime before the judge renders his judgment." *Jefferson Sav. & Loan Ass'n v. Adams*, 802 S.W.2d 811, 813 (Tex. App.—San Antonio 1990, writ denied) (holding intervention in garnishment proceeding was timely when motion to intervene was filed one day before the trial court entered judgment); *see also Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) ("There is no deadline for intervention in the Texas Rules of Civil Procedure," but "[g]enerally one cannot intervene after final judgment.").

Rule 664a of the Texas Rules of Civil Procedure provides the framework for the dissolution or modification of a writ of garnishment. Rule 664a states that "any intervening party who claims an interest" in a garnished account may, by sworn written motion, seek to dissolve the writ of garnishment and the order directing its issuance "for any grounds or cause, extrinsic or intrinsic." TEX. R. CIV. P. 664a. Further, a motion filed under Rule 664a "shall be heard promptly," and the filing of such a motion, "shall stay any further proceedings under the

writ . . . until a hearing is had and the issue is determined." *Id.* "The issue to be determined in a Rule 664a hearing is that 'the plaintiff shall prove the grounds relied upon for its (the writ of garnishment's) issuance.'" *Swiderski v. Victoria Bank & Trust Co.*, 706 S.W.2d 676, 678 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (quoting TEX. R. CIV. P. 664a). Finally, "[t]he writ shall be dissolved" unless the plaintiff meets this burden at the hearing. TEX. R. CIV. P. 664a.

### C. Application of the Law to the Facts

We address the standing issue first. *See Mazon Assocs., Inc. v. Comerica Bank*, 195 S.W.3d 800, 803 (Tex. App.—Dallas 2006, no pet.) ("Standing is a constitutional prerequisite to maintaining a suit under Texas law."). "Typically standing is a component of subject matter jurisdiction. In that context, lack of standing cannot be waived and can be raised for the first time on appeal." *Thompson v. Harco Nat. Ins. Co.*, 997 S.W.2d 607, 616 (Tex. App.—Dallas 1998, pet. denied) (emphasis in original) (footnotes omitted), *overruled in part on other grounds by John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001). "In contrast, standing under Rule 664a is a *procedural* issue; it does not affect the trial court's jurisdiction over the garnishment proceeding or over the parties." *Id.* Accordingly, lack of standing under Rule 664a must be brought to the trial court's attention before a party may complain of error on appeal. *Id.* Castleberry did not object to Wease's alleged lack of standing under Rule 664a or otherwise raise the issue in the trial court. We conclude Castleberry did not preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Thompson*, 997 S.W.2d at 616.

Next, we address whether the trial court erred in failing to conduct a hearing on Wease's motion to dissolve before rendering the agreed judgment. Four days before final judgment was rendered, Wease filed a sworn written motion, seeking to dissolve the writ of garnishment, denying that Candi had an interest in the account with Bank of America, and asserting that he was the owner of the bank account. *See* TEX. R. CIV. P. 664a. Although Castleberry argues

–5–

generally that Wease's motion was "insufficient on its face to establish a defense to the proposed garnishment," the merits of the proposed garnishment are not before this Court. Rule 664a requires the trial court to hold a hearing on a motion to dissolve a writ of garnishment. *See id.*; *Nat'l Loan Investors, L.P. v. Fid. Bank, NA*, No. 94-10173, 1995 WL 153421, at *2 (5th Cir. Mar. 30, 1995) (per curiam) (not designated for publication) (applying Rule 664a and concluding the trial court erred in denying a motion to dissolve without holding the required hearing); *Swiderski*, 706 S.W.2d at 678 ("Rule 664a now provides for a hearing when the defendant debtor chooses to intervene in either a prejudgment or postjudgment garnishment proceeding."). Because Wease filed a motion to dissolve the writ of garnishment, the trial court was required to "stay any further proceedings under the writ . . . until a hearing is had and the issue is determined." *See* TEX. R. CIV. P. 664a; *Nat'l Loan*, 1995 WL 153421, at *2; *Swiderski*, 706 S.W.2d at 678. We conclude that the trial court erred in failing to conduct a hearing on Wease's motion to dissolve before rendering the agreed judgment. *See* TEX. R. APP. P. 664a. We decide Wease's sole issue in his favor.

### III. CONCLUSION

The trial court erred in failing to conduct a hearing on Wease's motion to dissolve the writ of garnishment before rendering the agreed judgment between Castleberry and Bank of America. We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

140867F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL WEASE, Appellant

No. 05-14-00867-CV      V.

BANK OF AMERICA AND JAMES
CASTLEBERRY, Appellees

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-14-06455.
Opinion delivered by Justice Lang. Justices
Stoddart and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant MICHAEL WEASE recover his costs of this appeal from appellees BANK OF AMERICA AND JAMES CASTLEBERRY.

Judgment entered this 2nd day of July, 2015.