**EMERITUS CORPORATION,**
Appellant,

v.

**Leo OFCZARZAK and Lorine and David Niedzielski on Behalf of The Estate of Florine Ofczarzak, Deceased, Appellees.**

No. 04–05–00530–CV.

Court of Appeals of Texas,
San Antonio.

March 1, 2006.

Gregory J. Lensing, Jonathan C. Lamendola, Stacy E. Hoffman, Cowles & Thompson, P.C., Dallas, W. Wendell Hall, Laurie A. Weiss, Mark Emery, William T. Sullivan, Rosemarie Kanusky, Fulbright & Jaworski L.L.P., San Antonio, for appellant.

Curtis L. Cukjati, Martin & Cukjati, L.L.P., Janice Maloney, Law Office of Pat Maloney, P.C., San Antonio, Elaine A. Carlson, Houston, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

This is a case of first impression regarding the procedures and standards governing an appellate court's review of a trial court's post-judgment injunction order entered pursuant to Rule 24.2(d) of the Texas Rules of Appellate Procedure. We hold that the trial court could have reasonably found that Emeritus Corporation, the judgment debtor, was likely to dissipate or transfer its assets to avoid satisfaction of the underlying judgment. Accordingly, the trial court did not abuse its discretion in ordering the post-judgment injunction, and Emeritus's motion to dismiss the injunction is denied.

### BACKGROUND

Leo Ofczarzak and David Niedzielski, on behalf of the Estate of Florine Ofczarzak, Deceased, (collectively the "Ofczarzak Plaintiffs") filed a wrongful death and survival suit against Emeritus. A jury rendered judgment in favor of the Ofczarzak Plaintiffs and awarded them $1,524,445.00 in compensatory damages (including pre and post-judgment interest) and $18 million in punitive damages.

Following the jury's verdict, Emeritus filed a motion to suspend enforcement of judgment without bond on March 4, 2005. In its motion, Emeritus asserted that it had a negative net worth. Emeritus attached the affidavit of Raymond R. Brandstorm, its Vice President of Finance and Chief Financial Officer, to its motion. In his affidavit, Brandstorm stated that Emeritus's net worth as of year end 2003 was negative $86,927,000.00. Brandstorm further stated that Emeritus's net worth as of the end of the third quarter of 2004 was negative $101,574,000.00.

On March 8, 2005, the Ofczarzak Plaintiffs filed their motion for an injunction pursuant to Rule 24.2(d) of the Texas Rules of Appellate Procedure. In their motion, the Ofczarzak Plaintiffs assert that during the course of pre-trial discovery and throughout the course of the trial, evidence was introduced to show that Emeritus knowingly violated the Texas Rules of Civil Procedure and the trial court's orders. The Ofczarzak Plaintiffs requested that Emeritus be enjoined from dissipating or transferring its assets to avoid satisfaction of the judgment and requested discovery relating to Emeritus's financial position.

The trial court conducted a hearing on March 8, 2005. In addition to referring to the affidavit of negative net worth and the pre-trial discovery abuses, the attorney for the Ofczarzak Plaintiffs informed the trial court that Emeritus's public filings reveal that Don Baty, a substantial shareholder of Emeritus, has other businesses that he owns or partly owns that contract with Emeritus. The trial court verbally granted the Ofczarzak Plaintiffs' motion and took the motion to suspend enforcement of judgment without bond under advisement. Before the trial court issued a ruling, however, Emeritus mooted its own motion to suspend enforcement of the judgment without bond by posting a cash deposit in the amount of $1,725,000.00 with the trial court clerk. The same day, on March 17, 2005, Emeritus filed a motion for protective order and to quash discovery, seeking to preclude the Ofczarzak Plaintiffs from pursuing further post-judgment discovery regarding Emeritus's financial condition on the ground that the Ofczarzak Plaintiffs' discovery requests had become moot upon

the posting of the maximum security required by Rule 24.

On March 21, 2005, the trial court conducted another hearing. At that time, the trial court signed a written order granting the Ofczarzak Plaintiffs' injunction using the precise wording of Rule 24.2(d). With regard to the continuing discovery, Emeritus argued that post-judgment discovery was no longer authorized because it had posted the cash bond. The Ofczarzak Plaintiffs responded that they were still entitled to discovery in relation to their post-judgment injunction. The trial court denied the motion for protective order but stayed further discovery pending this court's decision in a mandamus proceeding which Emeritus filed on March 22, 2005, challenging the Ofczarzak Plaintiffs' ability to engage in post-judgment discovery. Subsequently, on August 24, 2005, this court denied Emeritus's petition, holding that the Ofczarzak Plaintiffs sought discovery related to a motion allowed by Rule 24 of the Texas Rules of Appellate Procedure and for a relevant purpose as permitted by Rule 621a of the Texas Rules of Civil Procedure. *See In re Emeritus Corporation*, 179 S.W.3d 112 (Tex.App.-San Antonio 2005, orig. proceeding [mand. pending]).

Emeritus now files this motion to dissolve the post-judgment injunction. In four issues, Emeritus challenges the trial court's decision to issue an injunction in the underlying matter pending resolution of the appeal. Specifically, Emeritus argues "the trial court had no authority to issue an injunction because the judgment had been superseded," and "there is absolutely no evidence supporting the decision to issue the injunction."

## JURISDICTION

We initially address whether this court has jurisdiction to consider Emeritus's motion to dissolve the post-judgment injunction against the dissipation of assets. The Ofczarzak Plaintiffs contend that this court does not have jurisdiction if, as Emeritus characterizes it, a post-judgment injunction is equivalent to a "temporary" injunction. The Ofczarzak Plaintiffs assert that if the trial court's injunction is a temporary injunction, Emeritus was required to file a separate appeal of the injunction order under the applicable accelerated schedule. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2004–2005); TEX.R.APP. P. 28.1. We disagree.

Rule 24.2(d)(2) specifically authorizes the trial court to "enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment" pending an appeal in civil cases. We hold that a post-judgment injunction in this context is a "type of security" as that phrase is used in Rule 24.4(a)(3). *See* TEX.R.APP. P. 24.4(a)(3). Rule 24.2(a)(3) allows an appellate court to review the type of security ordered by a trial court on a party's motion. *See id.* Emeritus has filed a motion in its pending appeal requesting that this court review the post-judgment injunction ordered by the trial court. Accordingly, this court has jurisdiction to consider Emeritus's motion.

## STANDARD OF REVIEW

We review a trial court's order enjoining a judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment under an abuse of discretion standard. *See Knowles v. Mack*, No. 04–04–00422–CV, 2004 WL 2046612, at *1 (Tex.App.-San Antonio Sept. 15, 2004, orig. proceeding [mand. denied]). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995). "With re-

spect to the resolution of factual issues or matters committed to the trial court's discretion,' an abuse of discretion is shown if the movant 'establish[es] that the trial court could reasonably have reached only one decision.'" *Knowles*, 2004 WL 2046612, at *1. (quoting *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992)). "However, 'a trial court has no discretion in determining what the law is or applying the law to the facts. Thus a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion.'" *Id.* (quoting *Walker*, 827 S.W.2d at 840).

## AUTHORITY TO GRANT POST-JUDGMENT INJUNCTION

■ We next consider Emeritus's argument that the trial court lacked authority to grant a post-judgment injunction. Because Emeritus has posted a cash deposit securing the actual or compensatory damage award, Emeritus contends that the Ofczarzak Plaintiffs are secured to the fullest extent required under House Bill 4. Because a judgment debtor is permitted to suspend execution of a judgment by depositing cash in an amount equal to the "compensatory damages awarded in the judgment," TEX.R.APP. P. 24.2(a)(1), Emeritus believes that when such a cash deposit is made, a trial court is without any discretion to order a post-judgment injunction to provide protection for the recovery of a punitive damage award. We disagree.

The legislative history to House Bill 4 reveals that the legislature was aware that the courts had the ability to enjoin a judgment debtor's waste or disposal of assets that would be subject to collection. Hearings on H.B.4 Before the Senate Committee on State Affairs, 78th Leg. R.S. (April 15, 2003) (transcript from Senate Staff Services; Tape 1, p. 18–19). Despite the recognition that the courts had this ability, the legislature elected to expressly provide for the granting of an injunction in the post-judgment context to prevent a judgment debtor "from dissipating or transferring assets to avoid satisfaction of the judgment." TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(e) (Vernon Supp.2004–2005); TEX.R.APP. P. 24.2(d). This language seeks to prevent the dissipation of assets that would satisfy the "judgment" not simply the actual or compensatory damage award. Since the punitive damage award is a component of the "judgment," the trial court's authority to grant a post-judgment injunction is not eliminated when a cash deposit covering the actual or compensatory damage award is made.

## GUIDING RULES AND PRINCIPLES

Finally, Emeritus asserts that the standards that should guide a trial court in considering whether to grant a post-judgment injunction should be the same as those applied in the pre-trial context for temporary injunctions. We disagree, in part, because a court's balancing of the interests of the parties differs between the pre-trial and post-judgment contexts.[1]

■ The purpose of a temporary injunction is to preserve the status quo of

1. *See Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 604, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) (recognizing need to balance interests of debtor and creditor in determining nature of protection to be afforded creditor); *In re L.A.M. & Assocs.*, 975 S.W.2d 80, 84 (Tex.App.-San Antonio 1998, orig. proceeding) (noting fewer protections afforded judgment debtor in post-judgment garnishment proceeding); *Swider-* *ski v. Victoria Bank & Trust Co.*, 706 S.W.2d 676, 678 & n. 1(Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.) (noting "prejudgment garnishment proceedings afford the debtor more protection than postjudgment proceedings"); TEX.R. CIV. P. 658, 658a (requiring hearing and a bond in garnishment proceedings that occur before final judgment).

the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* The first two elements require an applicant to prove his probable success on an undeveloped claim before a temporary injunction will be granted. In a post-judgment context, however, the very entry of the judgment against the defendant necessarily establishes that the plaintiff had a sufficient cause of action against the defendant to convince a trier of fact that he was entitled to the relief sought. Accordingly, the first two elements that must be established to obtain a pre-trial temporary injunction are necessarily met when a judgment has been rendered against a defendant.

■ As to the third element, we believe that Rule 24.2(d) and section 52.006(e) expressly contain the applicable limit or standard governing the trial court's exercise of its discretion in issuing a post-judgment injunction. Rather than relying on the more general "probable, imminent and irreparable injury" that is applicable in a variety of pre-trial contexts, Rule 24.2(d) and section 52.006(e) contain a specific standard applicable in the post-judgment context with the limitation on the trial court's authority defined by the legislature. Both Rule 24.2(d) and section 52.006(e) provide that the trial court may enjoin the judgment debtor "from dissipating or transferring assets to avoid satisfaction of the judgment." TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(e) (Vernon Supp. 2004–2005); TEX.R.APP. P. 24.2(d). Accordingly, the applicable standard is a factual matter requiring the trial court to determine whether the judgment debtor is likely to dissipate or transfer its assets to avoid satisfaction of the judgment. The trial court abuses its discretion in ordering a post-judgment injunction if the only reasonable decision that could be drawn from the evidence is that the judgment debtor would not dissipate or transfer its assets.[2]

■ In this case, the same trial judge who presided over the trial entered the post-judgment injunction. Accordingly, the trial judge was well versed in Emeritus's corporate structure and its procedural activities. The trial court was aware that Emeritus initially sought to appeal without posting a bond based on a negative net worth in excess of $100,000,000.00, but then, in an apparent effort to resist discovery into its financial condition, posted a $1.7 million cash bond. The trial court also was aware that Emeritus had been previously sanctioned for its pre-trial attempts to avoid full disclosure of information. In its sanctions order, the trial court found that Emeritus misrepresented to the court on prior occasions that certain documents had been produced when in fact they had not. The trial court also found

---

2. The Ofczarzak Plaintiffs assert that Emeritus failed to preserve its various complaints regarding the post-judgment injunction by not raising its specific challenges before the trial court. Having reviewed the record, we believe Emeritus sufficiently preserved its complaint that the trial court did not have sufficient evidence to support the issuance of the post-judgment injunction. During the hearing, Emeritus's attorney stated:

> Certainly it's within your ability to enjoin the debtor from dissipating or transferring assets to avoid satisfaction of judgment. There hasn't been any evidence presented to the Court, and I'm unaware of any evidence that would support such a finding that such conduct has occurred or will occur.

that Emeritus violated a prior court order compelling it to produce documents and refused to comply with a subpoena duces tecum requesting the production of documents. The trial court further found that Emeritus had violated pre-trial discovery rules and that the offenses were largely the fault of Emeritus and not defense counsel. Although the record contained no direct evidence that Emeritus had dissipated or transferred assets, given the information that was before the trial court, we cannot conclude that the trial court abused its discretion in determining that a likelihood existed that Emeritus would dissipate or transfer its assets to avoid satisfaction of the judgment.

CONCLUSION

Emeritus's motion to dissolve the post-judgment injunction is denied.