COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 David
 Nelson, individually and d/b/a Collective Contracting, A Sole Proprietorship;
 Collective Contracting, Inc.; AND E. E. Hood & Sons, Inc.,
  
                         
 Appellants,
  
 v.
  
 VERNCO CONSTRUCTION, INC.,
  
                         
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
 ' 
  
 
 
  
  
                   No. 08-10-00222-CV
  
 Appeal from the
  
 45th
 Judicial District Court
  
 of Bexar
 County, Texas
  
 (TC# 2006-CI-18807)
  
 
 


 

                                                         OPINION
ON MOTION

Appellant E.E. Hood & Sons, Inc. (Hood)
asks this Court to review and dissolve the trial court’s Rule 24.2(d) order
issued on March 5, 2012.[1]  We grant the motion for review and vacate the
trial court’s March 5, 2012, temporary restraining order.

BACKGROUND

Factual and Procedural History

            After Vernco
Construction, Inc. (Vernco) filed suit against Hood and others (the Vernco
case), Hood’s insurance company, American Home Assurance Company (American
Home) failed to defend Hood in both the Vernco suit and a lawsuit involving the
San Antonio Water Systems Board of Trustees, et al., (the “SAWS” case). 
Hood then sued American Home (the Coverage case) for failing to provide
litigation defense in the Vernco and SAWS cases.[2]  In the Vernco case, a jury found in favor of
Vernco and awarded damages against Hood in excess of $5,000,000.[3]

            Judge
Barbara Hanson Nellermoe entered judgment against Hood in the Vernco case on
April 7, 2010.  As a judgment debtor,
Hood filed a supersedeas bond for $2,200,000, one-half of its net worth and the
maximum permitted amount, pending its appeal before this Court.  Tex.
R. App. P. 24.2(a)(1)(A).

            In December
2010, American Home paid Hood approximately $566,000 to reimburse Hood for its
defense costs in the Vernco case and noted that an October 2010 payment to
Vernco in the amount of approximately $187,500 constituted the interest on
those defense costs.  In its letter
accompanying the December 2010 payment, American Home stated that it was not
waving any rights, arguments, or defenses to the coverage, extra-contractual or
any other claims brought by Hood, and asserted its position that it owed no
duty to defend or indemnify Hood for the claims made against it in the Vernco
case.  According to American Home, no
basis existed for Hood to claim a right to indemnity for the judgment in the
Vernco case because the only potential basis for coverage in that case,
business disparagement, did not survive the jury’s verdict and could not have
caused Vernco’s lost profits.

Rule 11 Agreement and Coverage Case

            Upon
learning of these payments in May 2011, Vernco intervened in the Coverage case
and, arguing that the Vernco judgment formed a basis of Hood’s claims against
American Home and IBC Insurance agency, sought: (1) an injunction; (2) an order
requiring further notice to Vernco of funds paid by American Home to Hood; and
(3) to intercept or impound the funds for placement in the registry of the
trial court.  In June 2011, Vernco
nonsuited its intervention and executed a Rule 11 agreement with Hood and
American Home, wherein Hood and American Home agreed to notify Vernco’s counsel
“in writing of any future payment related to the coverage action at least five
business days before such payment is made, with an explanation of what the
payment represents (e.g., indemnity money or defense costs in the underlying
SAWS or Vernco case[s]).”  Tex. R. Civ. P. 11.  Vernco agreed that unless such payment was
represented by Hood and American Home to be for the indemnification of Vernco’s
judgment against Hood, Vernco would not try to interfere with or to intercept
such payment but may use the payment information for the purpose of evaluating
Hood’s financial condition and determining whether to seek an increase in
Hood’s appellate bond.  On September 13,
2011, Judge Solomon Casseb, Jr. granted Hood’s motion for partial summary
judgment in the Coverage case, deciding that American Home breached its duty to
defend Hood in the Vernco and SAWS lawsuits but expressly stating that “No
ruling is made at this time regarding the right of indemnification on the
Vernco case.”

            In
accordance with the Rule 11 agreement, counsel for Hood, with approval of
American Home’s counsel, informed Vernco by letter dated February 28, 2012,
that a $2,100,000 payment would be made by American Home to Hood on March 6,
2012, as partial consideration for the settlement reached in the Coverage case,
and that another $2,100,000 payment would be made at a future date.  The letter advised Vernco that:

            The $4,200,000 payable by American
Home to E.E. Hood in consideration for the settlement consists of $444,000 for
unpaid defense costs in SAWS,
$1,662,500 for the settlement in SAWS,
$325,000 for unpaid defense and appellate costs in Vernco, $1,420,000 for interest and consequential business losses
to E.E. Hood, and $348,500 for E.E. Hood’s attorneys’ fees in the Coverage
Lawsuit.  There is no amount paid by
American Home to E.E. Hood for indemnification of the Vernco Judgment, and there will be no further payments by American
Home in connection with the Vernco
Judgment.

            In this regard, pursuant to the June
19, 2011 Rule 11 Agreement, you have agreed to not interfere or intercept the
above payment which is not for the indemnification of the Vernco Judgment currently pending on appeal.

 

Rule 24.2(d) Ex Parte Hearing and Order

            On March 5,
2012, Vernco filed a motion seeking post-judgment injunctive relief against
Hood as well as post-judgment discovery. 
In its motion, Vernco prayed for:  (1) a temporary restraining order “to preserve
the status quo,” (2) a hearing on the motion within 14 days after issuing an
order granting the temporary injunctive relief, (3) an order enjoining Hood
from dissipating or transferring any of its assets to avoid satisfaction of the
final judgment in the Vernco case and enjoining Hood from dissipating or
transferring any money or other assets that Hood has already received or would
receive in the future in connection with the Coverage suit, (4) authorization
to conduct expedited post-judgment discovery relevant to the motion to assist
Vernco in preparing for the evidentiary hearing and to ensure Hood’s compliance
with the injunctive relief that the trial court may grant, and (5) all other
legal and equitable relief to which Vernco is justly entitled.

            That same
day, the trial court conducted an ex
parte hearing of which no record was made and issued an order which stated
in relevant part:

            [T]he Court FINDS and CONCLUDES that
it is likely – even probable – that, unless immediate injunctive relief is
granted, Hood will continue to
dissipate or transfer assets to avoid satisfaction of the Judgment in this case
and cause Vernco, the Judgment Creditor, irreparable harm.

            Specifically, the Court FINDS and
CONCLUDES that Hood is likely to
dissipate or transfer assets that it has already received – or that it will
receive in the future – in connection with [the Coverage Case].

            Therefore, the Court FINDS and
CONCLUDES that pursuant to Tex. Civ.
Prac. & Rem. Code 52.006(e) and Tex.
R. App. P. 24.2(d), and based [upon] the evidence presented and the
arguments of counsel, immediate injunctive relief should be GRANTED.  It is, therefore

            ORDERED, ADJUDGED, and DECREED that
[Hood is] ENJOINED, and [is] directed to immediately CEASE and DESIST, from
dissipating, transferring, spending, encumbering, or otherwise disbursing any
of Hood’s assets outside the normal course of Hood’s business to avoid
satisfaction of the Judgment, without
further order of this Court. 
Further, it is

            ORDERED, ADJUDGED, and DECREED that
[Hood is] specifically ENJOINED, and [is] directed to immediately CEASE and
DESIST, from dissipating, transferring, spending, encumbering, or disbursing
any money or other assets that Hood has already received – or that Hood
receives in the future – in connection with the Coverage Case, without further order of this Court.  Further, it is

            ORDERED, ADJUDGED, and DECREED that
[Hood is] DIRECTED to place any and all funds or other assets that they have
already received, or that they receive in the future, in connection with the
Coverage Case into a separate interest-bearing Hood account, at a financial
institution of Hood’s choosing, provided that:  (1) such deposits shall at all times remain
fully insured by the FDIC; (2) such funds and other assets shall not be
commingled with any other funds or assets of Hood’s; and (3) such funds or
other assets shall not be disbursed, transferred, or withdrawn from such
account for any reason without further
order of this Court.  If any funds or
other assets received by Hood from any insurer or paying party in connection
with the Coverage Case are paid jointly to Hood and its attorneys, such funds
may be received and maintained in the IOLTA account of Hood’s attorney, but in
no event shall any such funds or other assets be disbursed, transferred, or
withdrawn from that IOLTA account for any
reason, without further order of this Court.[4]  (Italics added). Tex. R. App. P. 24.2(d); Tex.
Civ. Prac. & Rem. Code Ann.§
52.006(e) (West 2008).

 

On the evening of March 5, 2012, Vernco served Hood with a
copy of its motion and the trial court’s temporary restraining order.

Motion to Dissolve Rule 24.2(d) Order

            On March 7,
2012, Hood filed a motion to dissolve the trial court’s temporary restraining
order complaining of defects in both the order and the procedures preceding the
order.  At the hearing on its motion, Hood
complained that the settlement funds had been impounded without an evidentiary
hearing and noted that while it had complied with the terms of the Rule 11
agreement, Vernco had not honored its terms and had convinced the trial court
instead to impound the Coverage case settlement funds, which were not issued
for indemnification of the Vernco case and which Vernco had agreed it would not
pursue.  Hood reiterated that there is no
exception that permits a trial court to interfere with a judgment debtor’s use
of assets in the normal course of its business, and argued that Vernco had not
made a prima facie showing that Hood’s assets had been transferred or
dissipated outside the normal course of business.  The trial court’s order, Hood argued,
constituted an impermissible mandatory injunction and failed to preserve the
status quo.  Judge Nellermoe denied
Hood’s motion to dissolve the Rule 24.2(d) order issued on March 5, 2012.

Motion for Review and Petition for Writ of
Mandamus

            Hood filed a
motion for review and, in the alternative, a petition for writ of mandamus
seeking review of the trial court’s Rule 24.2(d) order, along with an emergency
motion for temporary relief in conjunction with its petition.  Tex. R.
App. P. 24.2(d); Tex. Civ. Prac.
& Rem. Code Ann. § 52.006(e) (West 2008).  We granted emergency temporary relief,
staying both the Rule 24.2(d) order and the hearing scheduled for March 15,
2012, and filed Hood’s motion as a petition for writ of mandamus, which we
later dismissed and re-filed as a Rule 24.4(a) motion for review.  Tex.
R. App. P. 24.4(a).  Pending our
review of Hood’s Rule 24.4(a) motion, we subsequently stayed the trial court’s Rule
24.2(d) order and hearing.

DISCUSSION

            In its Rule
24.4(a) motion for review, Hood asserts both that the trial court abused its
discretion and that the March 5, 2012 post-judgment order is void, and asks
this Court to review and vacate or dissolve the trial court’s Rule 24.2(d)
order.  Tex.
R. App. P. 24.2(d), 24.4.

Standard of Review

            We review a
trial court’s order enjoining a judgment debtor from dissipating or
transferring assets to avoid satisfaction of the judgment under an abuse of
discretion standard.  Emeritus Corporation v. Ofczarzak, 198
S.W.3d 222, 225 (Tex.App. – San Antonio 2006, no pet.).  The test for abuse of discretion is whether
the court acted without reference to any guiding rules and principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985); Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  To determine the trial court’s guiding rules
and principles when acting on a judgment creditor’s request to enjoin a
judgment debtor from dissipating or transferring assets to avoid satisfaction
of the judgment, we must look to Rule 24.2 and relevant decisions of the courts
of this state and the United States.  See Downer, 701 S.W.2d at 242; Tex. R. App. P. 24.2(d).  A trial court also abuses its discretion by
failing to correctly analyze or apply the law.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

            The purpose
of a temporary injunction is to preserve the status quo of the litigation’s
subject matter pending a trial on the merits.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  To obtain a common-law, non-statutory
temporary injunction, an applicant must plead and prove three elements:  (1) a cause of action against a defendant; (2)
a probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury in the interim.  Butnaru, 84 S.W.3d at 204, 210.  The first two elements are necessarily met
when a judgment has been rendered against a defendant.  Emeritus,
198 S.W.3d at 227.  The San Antonio Court
of Appeals has determined that in a post-judgment context, the third element is
supplanted by Rule 24.2(d) and Section 52.006(e), which provide that the trial
court may enjoin the judgment debtor from dissipating or transferring assets to
avoid satisfaction of the judgment, with the trial court’s authority limited by
the Legislature.  Tex. R. App. P. 24.2(d); Tex.
Civ. Prac. & Rem. Code Ann. § 52.006(e) (West 2008); Emeritus, 198 S.W.3d at 227.  Thus, our sister court concludes, “the
applicable standard is a factual matter requiring the trial court to determine
whether the judgment debtor is likely to dissipate or transfer its assets to
avoid satisfaction of the judgment.  [And]
[t]he trial court abuses its discretion in ordering a post-judgment injunction
if the only reasonable decision that could be drawn from the evidence is that
the judgment debtor would not dissipate or transfer its assets.”  Emeritus,
198 S.W.3d at 227.

Applicable Law

Although Rule 24.2(d) and Section 52.006(e)
provide that a trial court may enjoin a judgment debtor from dissipating and
transferring assets to avoid satisfaction of a judgment, the trial court is
restricted from making any order that interferes with the judgment debtor’s
use, transfer, conveyance, or dissipation of assets in the normal course of
business.  Tex. R. App. P. 24.2(d); Tex.
Civ. Prac. & Rem. Code Ann. § 52.006(e) (West 2008).

Rule 24.4(a) provides that a party may seek
review of a trial court’s ruling by motion filed in a court of appeals with
jurisdiction or potential jurisdiction over the appeal from the judgment in the
case.  Tex.
R. App. P. 24.4(a).  Upon the
filing of a motion seeking review, we are permitted to review the sufficiency
or excessiveness of the amount of the security but, when reviewing a money
judgment, we may not modify the amount of security to exceed the limits imposed
by Rule 24.2(a)(1), which restricts the amount of bond, deposit, or security to
the lesser of fifty-percent of the judgment debtor’s net worth or
$25,000,000.  Tex. R. App. P. 24.2(a)(1)(A),(B); Tex. R. App. P. 24.4(a)(1).

A trial court issuing a pre-judgment temporary
restraining order is required to:  “(1)
state why the order was granted without notice if it is granted ex parte . . .
; (2) state the reasons for the issuance of the order by defining the injury
and describing why it is irreparable . . . ; (3) state the date the order
expires and set a hearing on a temporary injunction . . . ; and (4) set a
bond[.]”  Tex. R. Civ. P. 680, 684; In
re Office of the Atty. Gen., 257 S.W.3d 695, 697 (Tex. 2008).  To satisfy the second required component of
its post-judgment temporary restraining order in this case, the trial court was
required to include in its order a finding that the judgment debtor is likely
to dissipate or transfer its assets to avoid satisfaction of the judgment.  See
Emeritus, 198 S.W.3d at 227.  A
temporary restraining order that fails to fulfill these requirements is
void.  In re Office of the Atty. Gen., 257 S.W.3d at 697.

Application

It is uncontroverted that Hood filed a
supersedeas bond of $2,200,000, one-half the amount of its net worth of
$4,400,000, and the maximum permitted based upon Hood’s net worth, at the time
it filed its bond.  Hood’s notification
to Vernco about the Coverage case settlement complies with the terms of the Rule
11 agreement and was intended to provide information that could be used by
Vernco as a basis to seek an increase of the supersedeas bond, while Vernco’s
motion for post-judgment relief and post-judgment discovery as to the coverage
action payment is contrary to the Rule 11 agreement.  We have before us no evidence that Vernco has
filed a motion to increase bond, and the trial court’s Rule 24.2(d) order does
not address the role of the Rule 11 agreement or Hood’s notification to Vernco
under its terms in relation thereto.  The
status quo existing between the parties as set out in the Rule 11 agreement is
not preserved but rather nullified by the Court’s Rule 24.2(d) order.

In its Rule 24.2(d) order, the trial court
also found and concluded that Hood is likely
to dissipate or transfer assets already received or to be received in
connection with the Coverage case settlement pending in the same court.  Again, these findings ignore the Rule 11
agreement Vernco had that unless such payment to Hood was represented to be for
the indemnification of Vernco’s judgment, Vernco would not try to interfere or
to intercept such payment.

In Emeritus,
as here, the judgment debtor’s motion to dissolve the post-judgment injunction
was denied.  However, the facts before us differ considerably
from the case considered by the San Antonio Court of Appeals in Emeritus.  Emeritus,
198 S.W.3d at 227-28.  Importantly, in Emeritus, there was no bond, there was
evidence of the judgment debtor’s negative net worth, and bond was only posted in
an effort to resist discovery.  Id. 
The Emeritus record contained evidence
which showed that the trial court was aware of a number of actions by Emeritus
including misrepresentations to the court, the imposition of sanctions against
Emeritus, and the trial court’s findings that Emeritus, rather than its defense
counsel, had violated the trial court’s discovery orders as well as violations
of discovery rules.  Id.  Although the record in Emeritus contained no direct evidence
that Emeritus had actually dissipated or transferred assets, the San Antonio
Court of Appeals determined upon the record before it that it was unable to
“conclude that the trial court abused its discretion in determining that a
likelihood existed that Emeritus would dissipate or transfer its assets to
avoid satisfaction of the judgment.”  Id. at 228.  Most significantly, we note that the language
in the Emeritus order is the precise
language of Rule 24.2(d) and does not exceed the court’s authority as the order
before us does.

Here, there is no record of the ex parte hearing.  We are unable to determine whether there was
any direct or indirect evidence presented to the trial court which may support
a finding that Hood has already transferred any assets or funds outside the
normal course of business, and the trial court’s order fails to make such
findings.  Tex. R. App. P. 24.2(a). 
The trial court’s order does not explicitly find that Hood has
dissipated or transferred assets to avoid satisfaction of the judgment but
instead concludes that “Hood will continue
to dissipate or transfer assets to avoid satisfaction of the Judgment in this
case . . . .”  While this determination
implies that Hood has already dissipated or transferred assets to avoid
satisfaction of the judgment, such an implication hardly rises to the level of
a finding based on a factual determination needed to support a conclusion that
Hood would act to avoid satisfaction of the judgment.  Citing the Emeritus
standard of review, we have previously found that in the absence of
evidence that a judgment debtor has
dissipated or transferred its assets to avoid satisfaction of a judgment, there
is no evidence presented to the trial court that the judgment debtor would do
so in the future.  Texas Custom Pools, Inc. v. Clayton, 293 S.W.3d 299, 314 (Tex.App.
– El Paso 2009, no pet.).

CONCLUSION

The trial court abused its discretion in
that its Rule 24.2(d) order did not serve to preserve the status quo and
exceeded the authority set out in Rule 24.2(d). Tex. R. App. P. 24.2(d). Additionally, the trial court’s
order of March 5, 2012, interferes with Hood’s use, transfer, conveyance, and
dissipation of assets in the normal course of business in violation of Rule
24.2(d) and Section 52.006(e).  Tex. R. App. P. 24.2(d); Tex. Civ. Prac. & Rem. Code Ann. §
52.006(e) (West 2008).  Accordingly, we grant
the motion for review and vacate the trial court’s March 5, 2012, temporary
restraining order.

                                                                        PER
CURIAM

May 2, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
As this case was transferred from our sister
court in San Antonio, we decide it in accordance with the precedent of that
court. Tex. R. App. P. 41.3.  Hood is one of three appellants and Vernco is
appellee in the appeal pending before this Court.





[2]
E.E. Hood & Sons, Inc. v. American
Home Insurance Company, and IBC Insurance Agency, Ltd., No. 2010-CI-10631
(45th Dist. Ct., Bexar County, Tex. Jul. 15, 2011).





[3]
Vernco Construction, Inc. v. David
Nelson, et al., No. 2006-CI-18807 (45th Dist. Ct., Bexar County, Tex. April
7, 2010).





[4]
The order also contained a recital that
Vernco had satisfactorily demonstrated to the trial court that advance notice
of the Motion would have caused Vernco irreparable harm by giving Hood an
opportunity to further dissipate or
transfer its assets to avoid satisfaction of the final judgment before
injunctive relief could be obtained.  In
its order, the trial court also addressed citation and service upon Hood,
granted Vernco permission to conduct post-judgment discovery relevant to the
motion, including the deposition of “an officer of Hood without subpoena” and
of its counsel, as well as Hood’s compliance therewith, set Vernco’s bond at
$100 as security in support of the injunctive relief granted, and scheduled an
evidentiary hearing for March 15, 2012.