# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00397-CV

**Natin Paul, Appellant**

**v.**

**The Roy F. & Joann Cole Mitte Foundation, Appellee**

**FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-21-003223, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Natin Paul filed a notice of appeal from the trial court's June 10, 2022 "Post-Judgment Injunction Under TRAP 24.2(d)," which granted appellee The Roy F. & Joann Cole Mitte Foundation's application for a post-judgment temporary injunction to restrain Paul and the other defendants from dissipating or transferring assets to avoid satisfaction of a final judgment that has only been superseded in part.[1]  Upon initial review, the Clerk of this Court sent Paul a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction generally is limited to appeals from final judgments or interlocutory orders whose appeal is authorized by statute and that the injunction does not appear to be an independently appealable order.  *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53

---

[1]  The other defendants named in the injunction did not file a notice of appeal.

(Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (allowing accelerated appeal from grant of injunction filed under Chapter 65); *Emeritus Corp. v. Ofczarzak*, 198 S.W.3d 222, 225 (Tex. App.—San Antonio 2006, no pet.) (concluding that proper procedure for appealing Rule 24.2(d) post-judgment injunction was filing motion in its pending appeal from final judgment, not filing separate appeal of injunction under Section 51.014(a)(4)). The Clerk requested a response on or before September 19, 2022, informing this Court of any basis that exists for jurisdiction.

Paul has filed a response to our notice and contemporaneously filed in this cause number a "Motion for Review of Post-Judgment Temporary Injunction," but he has not demonstrated this Court's jurisdiction over his separate appeal of the Rule 24.2(d) injunction. Rule 24.4 permits a party to seek appellate review of a trial court's ruling "by motion filed in the court of appeals with jurisdiction or potential jurisdiction over the appeal from the judgment in the case." *See* Tex. R. App. P. 24.4(a). Courts have construed this Rule to mean that a motion seeking review of a Rule 24.2(d) injunction must be filed in the pending appeal from the final judgment, not as a separate appeal. *Transcontinental Realty Invs., Inc. v. Orix Cap. Mkts. LLC*, 470 S.W.3d 844, 848 & n.1 (Tex. App.—Dallas 2015, no pet.) (concluding that appellate court lacked jurisdiction over appeal from trial court's post-judgment order because post-judgment order did not impose obligations on judgment debtor to transfer property to judgment creditor and also concluding that proper procedure under Rule 24 is to file motion for review of post-judgment order in appeal from trial court's related final judgment); *Emeritus Corp.*, 198 S.W.3d at 225; *see also Gailey v. Gutierrez*, No. 01-12-00491-CV, 2013 WL 127557, at *1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, no pet.) (mem. op.) (per curiam) (considering

order striking appellants' supersedeas bond and concluding, "The rules provide for review of the trial court's ruling on the bond as part of the appeal from the final judgment in the case."). Accordingly, we conclude that we lack jurisdiction over Paul's separate appeal from the trial court's Rule 24.2(d) injunction, and we dismiss the appeal. *See* Tex. R. App. P. 42.3(a). We dismiss as moot his motion for review of post-judgment temporary injunction without prejudice to his re-filing the motion in the pending appeal from the final judgment, cause number 03-21-00502-CV.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justice Triana, and Justice Smith

Dismissed for Want of Jurisdiction

Filed:   September 29, 2022