

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00447-CV

**THE ABADI GROUP COMPANIES, LLC**, and Elias Abadi, Gianluca Ranallo, Alan Levy, and Melanie Levy,
Appellants

v.

**WEINRITTER ST. PAUL SQUARE, LLC**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-19896
Honorable Nicole Garza, Judge Presiding

Opinion by:  Lori Massey Brissette, Justice

Sitting:  Lori Massey Brissette, Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: May 21, 2025

MOTION GRANTED

Before us is appellant The Abadi Group Companies, LLC ("TAG")'s February 28, 2025 Motion to Review Supersedeas Amount and Dissolve Injunction. Appellee Weinritter St. Paul Square, LLC filed a response on March 17, 2025. TAG filed a reply on March 27, 2025. After reviewing the parties' filings, we grant the motion, reverse the trial court's supersedeas bond and

injunction orders on February 7, 2025 and February 13, 2025, and remand to the trial court for further proceedings consistent with this opinion and order.

**RELEVANT BACKGROUND**

Weinritter sued TAG alleging violations of the Texas Theft Liability Act, conversion, breach of fiduciary duty, breach of contract, fraud, civil conspiracy, and the filing of a fraudulent lien in violation of Texas Civil Practice & Remedies Code section 12.002. During the pendency of the suit, the parties entered into two agreed orders to interplead funds subject to injunction, whereby TAG deposited into the registry of the court funds totaling $131,192.93. After a trial by jury, the trial court issued a final judgment in April 2024 for more than $3 million in damages against TAG. Weinritter used the judgment to withdraw the $131,192.93 shortly thereafter.

On October 2, 2024, the trial court entered a modified final judgment against TAG providing TAG was responsible for:

- $86,291.90 in compensatory damages for fraud;

- $21,548.11 in pre-judgment interest;

- $10,000 in a statutory penalty under Chapter 12 of the Texas Civil Practice & Remedies Code for filing a fraudulent lien;

- $439,257.95 in attorney's fees (along with appellate attorney's fees) and $7,611.56 in expenses;

- A declaratory judgment: TAG is not now entitled to, and was never entitled to, a lien against the property;

- An accounting: TAG along with Elias Abadi was required to make a full and complete verified written accounting to Weinritter of all funds paid to TAG by Weinritter;

- A constructive trust on funds paid to Alan Levy, Melanie Levy, Elias Abadi, or Gianluca Ranallo, which can be traced through the accounting; and

- All costs of court spent or incurred in this cause adjudged against the Defendants, jointly and severally.

The judgment further acknowledged that the $131,192.93 "which has already been paid to [Weinritter] shall be credited to the amount of [TAG]'s liability under this judgment."

On October 8, 2024, TAG filed a motion to suspend enforcement of the judgment and for a protective order, seeking, among other things, (1) an order providing it had already met the requirements to suspend enforcement of the October 2 Modified Final Judgment by depositing $131,192.93 into the registry of the court, (2) an order that the clerk issue a writ of supersedeas regarding the October 2 Modified Final Judgment as to TAG, and (3) an order suspending Weinritter's efforts to otherwise enforce the judgment against it.

The parties exchanged letters and filed motions in furtherance of post-judgment discovery. And in December 2024, "out of an abundance of caution" TAG filed an additional bond of $25,000 to cover court costs.[1] On January 3, 2025, Weinritter filed a motion to determine sufficiency of supersedeas and requested Rule 24.2 relief including an injunction from TAG dissipating assets. Specifically, it challenged TAG's $25,000 supersedeas bond, arguing it failed to cover potential costs, including attorney's fees, along with the judgment's equitable and declaratory relief. On January 22, 2025, TAG responded, asserting its $131,192.93 deposit fully suspended the October 2nd judgment, exceeding the required amount and leaving only court costs covered by the $25,000 bond. TAG disputed including attorney's fees in court costs, and argued the declaratory relief (invalidating TAG's lien) required no suspension as it caused no damages to Weinritter. It further stated statutory penalties were excluded from Rule 24 calculations. Regarding equitable relief (accounting and constructive trust), TAG claimed they were to preserve money, it's $131,192.93 deposit into the court registry satisfied it, and Weinritter withdrew it, thereby receiving satisfaction for the compensatory damages it was owed. Finally, TAG argued Weinritter was not entitled to an injunction under Rule 24.2.

---

[1] Costs of court, per the Bill of Costs, is less than $2,000.

The trial court held a hearing on the motions on February 7, 2025 and later that same day signed the injunction prohibiting TAG from dissipating or transferring assets and mandating the filing of monthly reports relating to its normal business activities. On February 13, 2025, the trial court issued an order setting TAG's supersedeas amount at $400,000.

TAG then filed a Motion to Review Supersedeas Amount and Dissolve Injunction in this court, specifically requesting this court decrease the amount of security necessary to an amount that supersedes the judgment and to dissolve or reform the injunction entered pursuant to Texas Rule of Appellate Procedure 24.2(d).

### SUPERSEDEAS BOND

The trial court initially heard arguments regarding the suspension of the judgment on December 11, 2024. During the hearing, TAG and Weinritter addressed whether the $131,000 deposit superseded the judgment and whether attorney's fees could be considered as a part of the judgment pursuant to the fraudulent lien statute under Chapter 12 of the Texas Civil Practice & Remedies Code. TAG moved:

> for an order from this court setting forth the amount of the deposit necessary for [TAG] to suspend the objection under [Rule] 24 . . . . With regard to the $131,000, it's my position that either that money if it belonged to [TAG], that it needs to be returned to the registry of the court at which point we can adopt it as a deposit. If it has not, then that money has been, has satisfied the $86,000 in—damages, which will directly impact the amount of the bond, because at that point it will be $0 in compensatory damages plus $0 in interest plus whatever the costs are. I'm looking from clarity from the court on that issue.

However, the trial court did not rule on the issue but asked for additional briefing from the parties. On December 27, 2024, TAG filed an additional bond of $25,000 to cover "court costs." On January 3, 2025, Weinritter filed a motion to determine TAG's supersedeas bond.

On February 7, 2025, the trial court held a hearing to resolve the motions. During the hearing, Weinritter explained the appropriate bond amount was $433,159.86—the total amount of

the figures in the final judgment, including the full amount awarded as attorney's fees, minus the credit for $131,192.93. Weinritter asserted it was entitled to a bond amount that permitted the trial court to set the bond for a higher amount because it received a judgment "other than money" under Rule 24.2(a)(3), explaining: "We also have in this case some non-monetary relief that was granted. You recall we had an accounting that was ordered and a constructive trust was to be imposed." Weinritter took the position that even that aspect of the judgment was actually for "money" because it, too, would be impacted by the dissipation of assets. Finally, Weinritter further argued it was entitled to a bond that included attorney's fees because they are "costs" pursuant to the fraudulent lien statute set forth in Chapter 12 of the Civil Practice and Remedies Code. TAG took the position that it's prior $131,000 deposit should be credited to cover the $86,000 in compensatory damages, and it therefore already superseded the judgment.

A week later, on February 13, 2025, the trial court entered its bond order providing:

the amount needed to supersede the judgment in this case [is] $400,000.00 and . . . the previous bond posted is insufficient to stay enforcement of the final judgment entered by this Court.

IT IS ORDERED, ADJUDGED, and DECREED that to suspend the enforcement of the judgment in this case, the bond, or deposit in lieu of bond, shall be in the amount of $400,000.00.

TAG argues: (1) the trial court's $400,000 bond amount is an abuse of discretion, (2) the trial court erred as a matter of law by including attorney's fees (3) the trial court erred as a matter of law by improperly crediting TAG's $131,192.93 deposit; and (4) the trial court's order was not based on Rule 24.2(a)(2) or 24.2(a)(3) of the Texas Rules of Appellate Procedure and, even if it were, that would constitute error as a matter of law. TAG asks this court to set the bond amount at $25,000 based on its bond posted to cover court costs or, in the alternative, set it at the $131,192.93 deposit amount it previously paid into the court registry.

### A.  Standard of Review and Applicable Law

The Texas Rules of Appellate Procedure provide "a judgment debtor may supersede the judgment by . . . filing with the trial court clerk a good and sufficient bond," "making a deposit with the trial court clerk in lieu of a bond," or providing alternative security consistent with the requirements for individuals with a net worth of less than $10 million. *See* TEX. R. APP. P. 24.1(a)(2)–(4). Rule 24.2 sets out the amount of bond or deposit for different kinds of judgments. *See* TEX. R. APP. P. 24.2. If "the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." TEX. R. APP. P. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE § 52.006(a).

If the judgment is for "something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post." TEX. R. APP. P. 24.2(a)(3); *see, e.g.*, *AME & FE Invs., Ltd.*, 582 S.W.3d at 299 (applying Rule 24.2(a)(3) and holding trial court abused its discretion in not determining value of 30% of NEC's Class A Units on date trial court rendered judgment and using that value in setting amount of security NEC was required to post); *El Caballero Ranch, Inc. v. Grace River Ranch, L.L.C.*, 707 S.W.3d 444, 451 (Tex. App.—San Antonio 2016, no mandamus filed) (concluding Rule 24.2(a)(3) for judgment other than money or interest in property applied where party ultimately sought declaration that easements sought were invalid and unenforceable, and specific portion of judgment party sought to suspend by posting security was injunctive portion, precluding it from interfering with use of easements). Such "security must adequately protect the judgment creditor against loss or damage that the appeal might cause." TEX. R. APP. P. 24.2(a)(3); *see Haedge v. Cent. Texas Cattlemen's Ass'n*, 603 S.W.3d 824, 827–28 (Tex. 2020) (explaining supersedeas bonds must adequately

protect judgment creditor against loss or damage that appeal might cause, rule requires calculating loss or damage that judgment creditor faces during appeal, and explaining "loss or damage" in supersedeas context referred to monetary or material losses ascertainable by proof, either by judgment itself, or, where that is not conclusive, by evidence relating to proof of damages generally).

A party may, in the alternative, deposit cash with the trial court clerk. *See* TEX. R. APP. P. 24.1(c)(1). The deposit "must be in the amount required by [Rule] 24.2." TEX. R. APP. P. 24.1(c)(2). The trial court may also "make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause." TEX. R. APP. P. 24.1(e).

On any party's motion, an appellate court may review: (1) the sufficiency or excessiveness of the amount of security; (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security and deciding the sufficiency of sureties. *See* TEX. R. APP. P. 24.4(a)(1)–(5); TEX. CIV. PRAC. & REM. CODE § 52.006(d); *see also AME & FE Inv., Ltd. v. NEC Networks, LLC*, 582 S.W.3d 294, 297 (Tex. App.—San Antonio 2017, mandamus denied) (allowing for appellate review of trial court's determination of supersedeas bond amount); *see also* TEX. R. APP. P. 24.4.

A trial court's determination of the amount necessary to supersede a judgment is evidentiary in nature and reviewed for an abuse of discretion. *See AME & FE Inv., Ltd.*, 582 S.W.3d at 297. A trial court abuses its discretion when acting "with disregard of guiding rules or principles or in an arbitrary or unreasonable manner." *In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023). Further, a trial court abuses its discretion if the evidence is legally or factually insufficient to support its findings. *LMC Complete Automotive, Inc. v. Burke*, 229 S.W.3d 469, 483

(Tex. App.—Houston [1st Dist.] 2007, mandamus denied). However, "[a] trial court has no discretion in determining what the law is or applying the law to the facts. Thus a clear failure by the trial court to analyze or apply the law correctly will constitute abuse of discretion." *AME & FE*, 528 S.W.3d at 297 (*citing Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

## B. Analysis

Here, the trial court received no evidence during either hearing, and the record supporting the supersedeas bond consisted of the (1) agreed orders to interplead funds totaling $131,192.93, (2) the modified final judgment, and (3) the $25,000 supersedeas bond. Based on that record, the trial court had evidence that the judgment consisted of: (1) $86,291.90 in compensatory damages for fraud and (2) $21,548.11 in pre-judgment interest, totaling $107,840.01.[2] There was no evidence of interest for the estimated duration of the appeal. *See* TEX. R. APP. P. 24.2(a)(1). Moreover, TAG was required to pay, along with the other defendants, all costs of court spent or incurred in this cause.

TAG was also required to pay $439,257.95 in attorney's fees. Attorney's fees are not generally included in the amount necessary to supersede a judgment. *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) (holding attorney's fees are not "costs awarded in the judgment" as set forth in Rule 24); *In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014) (reaffirming that "attorney's fees are neither compensatory damages nor costs for purposes of superseding enforcement of a money judgment"); *see also* TEX. R. APP. P. 24.2(a)(1) (amount of supersedeas bond "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment"). However, among

---

[2] Weinritter concedes the $10,000 statutory penalty is not included in the calculation under Texas Rule of Appellate Procedure 24.2(a)(1).

Weinritter's claims is one for the filing of a fraudulent lien under Chapter 12 of the Texas Civil Practice & Remedies Code. Section 12.006(a) states that, when a plaintiff prevails on such a claim, "the court shall award the plaintiff the cost of bringing the action" upon a finding "that the defendant, at the time the defendant caused the recorded document to be recorded or filed, knew or should have known the recorded document is fraudulent." TEX. CIV. PRAC. & REM. CODE §12.006. Section 12.006(b) defines "the costs of bringing the action" to include "all court costs, attorney's fees, and related expenses of bringing the action." *Id.*; *see, e.g.*, *Nalle*, 406 S.W.3d at 176 ("In chapter 12, costs 'include all court costs, attorney's fees, and related expenses of bringing the action,' demonstrating that when the Legislature intended for attorney's fees to be considered costs, it specifically said so." (quoting TEX. CIV. PRAC. & REM. CODE §12.006(b))).

While the trial court's order is not clear, it appears it intended to include all attorney's fees awarded as part of its calculation of the amount necessary to supersede the judgment while crediting to TAG the amount it previously deposited into the registry of the court. The modified final judgment, though, does not identify attorney's fees as costs pursuant to Section 12.006. Further, even though the modified final judgment awards a statutory penalty of $10,000, meaning any actual purported damages would be less than that, the trial court made no finding as to how much of the $439,257.95 in fees were reasonably spent in furtherance of that claim. *See* TEX. CIV. PRAC. & REM. CODE §12.002 (providing that person liable for a violation under Section 12.002 is liable for "the greater of" $10,000 or "actual damages caused by the violation"). [3]

There is no legal basis to include all attorney's fees awarded, beyond those necessary to litigate the Chapter 12 claim. *See* TEX. R. APP. P. 24.2(a)(1), (a)(3); *Nalle*, 406 S.W.3d at 176; *see*

---

[3] Because this motion is a challenge to the bond and the injunction and not a challenge to the $10,000 statutory penalty in the modified final judgment or any findings or lack thereof pursuant to Chapter 12 (which would be beyond the scope of the motion to review the bond and injunction), we do not consider that issue here. *See* TEX. R. APP. P. 47.1.

*also* TEX. CIV. PRAC. & REM. CODE §12.006(b); *AME & FE Invs., Ltd.*, 582 S.W.3d at 298; *El Caballero Ranch, Inc.*, 707 S.W.3d at 451. For that reason, the trial court abused its discretion in setting the bond at an amount not supported by the evidence or guiding rules or principles. *See In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023); *LMC Complete Automotive, Inc. v. Burke*, 229 S.W.3d 469, 483 (Tex. App.—Houston [1st Dist.] 2007, mandamus denied).

### RULE 24.2(d) INJUNCTION

TAG argues the trial court abused its discretion by enjoining it from transferring assets and requiring TAG to submit monthly reports of its business activities because (1) Weinritter neither pled allegations nor presented evidence sufficient for the trial court's injunction, and (2) the injunction impermissibly interferes with its business.

During the February 7, 2025 hearing, Weinritter argued it was entitled to an injunction because the defendant Abadi had refused to appear to testify in court in order for the court to determine whether "he had taken action to dissipate assets after the judgment was in or after the trial."[4] Weinritter also explained it sought an injunction which tracked the language of Rule 24.2(d) and also required TAG to provide "at the end of each month that they give us a report of the transfers that were made under oath so that we are able to supervise." TAG countered there is insufficient evidence to support the imposition of the injunctive relief. Weinritter offered no evidence.

The trial court granted injunctive relief, and explained in its order:

> The Court has considered and taken into account in its ruling the actions of the Defendant, The Abadi Group Companies, LLC (TAG), and its principal, Elias Abadi, in the way they conducted pre-trial discovery in this case, as well as their

---

[4] Weinritter explained, without evidence during the hearing, "We know from Mr. Abadi's testimony that he routinely transferred money overseas and he had credits, claimed a $250,000 credit for us and those are the kind of transfers that we need to be able to watch out for." It added, "what the records show, and all the bank statements have been introduced into evidence so they show where the money is going. Mr. Abadi routinely just takes money out of the corporation and for -- do not appear for any reason."

conduct during the trial, and their pre-trial behavior. The Court heard evidence at trial about TAG's inability to account for the funds it received, TAG's transfers to insiders, TAG's extensive dealings with overseas vendors including TAG's transfers to overseas vendors in excess of the amount due, and the jury's findings of money laundering and theft. The Court has also considered TAG's post-trial failure to comply with the Orders of this Court, as well as the evidence presented at trial and in support of the Motion. Based on the evidence considered . . .

. . .

Pursuant to Rule 24.2(d) and Rule 24.2(e) TEX. R. APP. P. the Court finds that unless the relief requested herein [is granted], TAG will continue to transfer funds available to satisfy the judgment overseas to place the funds beyond the reach of its creditors, dissipate corporate assets by transferring assets and funds to insiders and/or affiliates such as the HKO Group, LLC. for less than fair value, and continue its practice of transferring funds belonging to the corporation to vendors overseas to be used as "credits" for future purchases without receiving fair value.

To protect [Weinritter] during the pendency of the appeal of this case:

. . . .

2. Prohibited Conduct and Required Conduct.

a. The Enjoined Parties are hereby ENJOINED, RESTRAINED, AND PROHIBITED from making any transfers of TAG's assets for less than fair value. Nothing in this Order prohibits the transfer of assets for fair value in the normal course of business.

b. The Enjoined Parties are hereby ENJOINED, RESTRAINED, AND PROHIBITED from making any payments and/or transferring any funds to insiders and/or affiliates in any amount exceeding $500.00 per month. Nothing in this Order prohibits the transfer of assets of fair value in the normal course of business.

c. TAG and Elias Abadi are hereby ORDERED to provide the Plaintiff's counsel with monthly reports showing all amounts paid to insiders and affiliates and all transfers of funds and/or other assets exceeding $10,000.00 for each month beginning on February 1, 2025. The reports shall identify each transfer by date, amount, and the identity of the transferee, and all supporting documents, such as checks, confirmation of wire transfers, or any other documents showing the nature of the transaction, shall be attached. The reports shall be delivered on the 10th day of each month starting on the 10th day of March 2025. The report shall be delivered to counsel to the Plaintiff.

## A. Standard of Review and Applicable Law

A "trial court may enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of

business." TEX. R. APP. P. 24.2(d). We review 24.2(d) injunctions enjoining a judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment for an abuse of discretion. *See Tex. Custom Pools, Inc. v. Clayton*, 293 S.W.3d 299, 314 (Tex. App.—El Paso 2009, mandamus denied) (concluding trial court abused its discretion in entering post-judgment injunction where evidence legally insufficient to support finding that payment of loan proceeds to shareholders was fraudulent conveyance, evidence admitted at hearing reflected that enjoined party was an ongoing enterprise with substantial assets, and given absence of evidence that enjoined party had dissipated or transferred its assets to avoid satisfaction of judgment, there was no evidence presented to the trial court that it would do so in the future). In imposing a Rule 24.2(d) injunction, the trial court must base its decision on proof, but such proof may include evidence it heard over the course of pre-judgment proceedings to the extent such evidence supports the injunction. *See Emeritus Corp. v. Ofczarzak*, 198 S.W.3d 222, 227 (Tex. App.—San Antonio 2006, no mandamus filed); *see also Haedge*, 603 S.W.3d at 827–28.

### B. Analysis

Here, the trial court explained it heard evidence TAG might dissipate or transfer assets to avoid satisfaction of the judgment. However, it does not appear from the record that the trial court actually had evidence before it going to whether the requested injunction would "interfere[]" with TAG's "use, transfer, conveyance, or dissipation of assets in the normal course of business." *See* TEX. R. APP. P. 24.2(d); *see Emeritus Corp.*, 198 S.W.3d at 227. Specifically, no evidence was offered as to whether it would interfere with TAG's normal course of business if the trial court (1) enjoined it from making payments exceeding $500 to insiders and/or affiliates, or (2) required it to provide a monthly report showing all amounts paid to insiders and affiliates and all transfers of

funds and/or other assets exceeding $10,000.00 for each month beginning on February 1, 2025.[5] *See* TEX. R. APP. P. 24.2(d); *see Emeritus Corp.*, 198 S.W.3d at 227.

Without support in the record demonstrating that the injunction is appropriate under Rule 24, the trial court's injunction order is an abuse of discretion. *See* TEX. R. APP. P. 24.2(d); *Tex. Custom Pools, Inc.*, 293 S.W.3d at 314; *Emeritus Corp.*, 198 S.W.3d at 227.

## CONCLUSION

After completing our limited review, we "may require that the amount of a bond, deposit, or other security be increased or decreased, and that another bond, deposit, or security be provided." TEX. R. APP. P. 24.4(d); *see El Caballero Ranch, Inc. v. Grace River Ranch, L.L.C.*, 707 S.W.3d 444, 449 (Tex. App.—San Antonio 2016, no mandamus filed). We may also "require other changes in the trial court order." TEX. R. APP. P. 24.4(d); *see El Caballero Ranch*, 707 S.W.3d at 449. Finally, we "may remand to the trial court for entry of findings of fact or for the taking of evidence." TEX. R. APP. P. 24.4(d); *see AME*, 582 S.W.3d at 297 (citations omitted).

Accordingly, we grant TAG's motion, reverse the trial court's February 7 and 13, 2025 supersedeas bond and injunction orders, and remand to the trial court. The trial court is instructed to take evidence, enter an order, and make findings of fact consistent with Rule 24 of the Texas Rules of Appellate Procedure as to: (1) the proper amount of the supersedeas bond, deposit, or alternative security; (2) the proper type of security, (3) the determination of whether to permit suspension of enforcement of the modified final judgment, (4) the propriety of an injunction, (5) the nature of the injunction, and (6) the evidence adduced as to the security and the injunction.

Lori Massey Brissette, Justice

---

[5] Weinritter argues the trial court "heard extensive argument" on the injunction. But argument is not evidence. Weinritter further argues TAG's complaint about the lack of evidence should fall on deaf ears because it has obstructed post-judgment discovery. But our review is limited to the supersedeas bond and the injunction, and the evidence thereof. We express no opinion on the parties' conduct in discovery or their remedies with respect to adverse orders as such matters are beyond the scope of the pending motion before the court. *See* TEX. R. APP. P. 47.1.