# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2022

Lyle W. Cayce
Clerk

No. 20-50827

JOHNNY THOMAS, *a Bankruptcy Trustee of* PERFORMANCE PRODUCTS, INC.; CAROLYN PEARCY, *in her capacity as Trustee of the* PEARCY FAMILY TRUST, *Trustee of the* PEARCY MARITAL TRUST, *and Executor of the* ESTATE OF JAMES PEARCY,

*Plaintiffs—Appellees*,

*versus*

LOU ANN HUGHES; ADVANCED PROBIOTICS, L.L.C.; PERFORMANCE PROBIOTICS, L.L.C.,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-951

Before HIGGINBOTHAM, STEWART, and WILSON, *Circuit Judges*.
CORY T. WILSON, *Circuit Judge*:

This case presents a coda to its companion appeal, No. 20-50671. In that case, Lou Ann Hughes and Performance Probiotics, LLC appealed the district court's final judgment, entered after a jury verdict, awarding the plaintiffs $3,911,252.80, consisting of compensatory and exemplary damages, injunctive relief, and attorney's fees and costs. *See Thomas v. Hughes*, No. 20-50671, --- F.4th ---- (5th Cir. Mar. 3, 2022). Hughes and Performance

No. 20-50827

Probiotics challenged certain of the district court's evidentiary rulings, the sufficiency of the evidence in support of the jury's verdict, and other aspects of the court's judgment. We affirmed, save for one clerical modification to the judgment to dispel any concern of a double recovery on Pearcy's claim for misappropriation of trade secrets. *See id.*, slip op. at 27–28, 32–33. In this appeal, Hughes seeks to vacate a post-judgment order the district court entered (after Hughes noticed the primary appeal) that charges Hughes's membership interest in M. G. & Sons, a single-member LLC, and requires both Hughes and M. G. & Sons to obtain leave of court before transferring assets to third parties. Hughes contends that the order violates Texas's charging order statute. We disagree and affirm the order, as modified below.

## I.

In November 2019, a federal jury found that Hughes fraudulently transferred assets to evade a prior state-court judgment, that Hughes and Performance Probiotics misappropriated trade secrets, and that Hughes breached her fiduciary duties owed to Performance Products, Inc. ("PPI"), as PPI's attorney. The district court confirmed the jury's findings and entered a final judgment against Hughes and Performance Probiotics in March 2020. In that judgment, the district court awarded Pearcy $1,442,580.06 in compensatory damages and $1,200,000 in exemplary damages. It also ordered Hughes to forfeit $859,490 in compensation she received from Performance Probiotics and pay that amount to PPI and awarded $409,182.74 in attorney's fees and expenses to Pearcy and Thomas. The total amount of the final judgment against Hughes and Performance Probiotics was $3,911,252.80.[1]

---

[1] The district court also awarded post-judgment interest.

No. 20-50827

Post judgment, after Hughes had appealed both the judgment and the district court's denial of her post-trial motions for judgment as a matter of law and for a new trial, Pearcy and Thomas applied for a charging order against Hughes's membership interest in M. G. & Sons, LLC, of which Hughes is the sole member. Hughes formed M. G. & Sons in January 2010, a month before the underlying state-court lawsuit proceeded to trial. The sole asset of M. G. & Sons is real property at 737 Isom Road, San Antonio, Texas (the "Property"), which Hughes owned personally for several years before transferring it to M. G. & Sons.

Over Hughes's opposition, the district court granted Pearcy and Thomas's motion in September 2020. The resulting order stated that Pearcy and Thomas "have the right to receive any distribution to which Hughes would otherwise be entitled in respect of her membership interest in M. G. & Sons, LLC." The order further provided that:

> Hughes and M. G. & Sons, LLC must obtain leave of this court before [a)] transferring the Property to any third party; b) transferring any funds to any third party except for transactions in the ordinary course of business; or c) transferring Hughes'[s] interest (or any part thereof) in M. G. & Sons, LLC to any third party.

The district court found these restrictions "justified in light of Hughes's history of fraudulent transfers to avoid payment of a judgment."[2]

Hughes now challenges the order, specifically its requirement that Hughes and M. G. & Sons must obtain leave of court before transferring the Property, funds, or Hughes's membership interest to any third party.

---

[2] Hughes's actions over the course of the now decade-long litigation between the parties are discussed in greater detail in our opinion addressing the underlying merits. *See Thomas*, No. 20-50671, slip op. at 2–5.

Hughes contends that this restriction contravenes Texas law because it exceeds the governing statute's scope and interferes with M. G. & Sons's business. Accordingly, she asks this court to vacate the district court's order.

## II.

"[O]ur appellate standard of review is governed by federal law, even in this diversity case." *DeJoria v. Maghreb Petroleum Expl., S.A.*, 935 F.3d 381, 390 (5th Cir. 2019). Because a charging order is a post-judgment remedy entered against a judgment debtor, we apply a standard of review analogous to the standard we apply in reviewing garnishments and turnover proceedings. *See United States v. Mire*, 838 F.3d 621, 625 (5th Cir. 2016) (reviewing garnishment order for abuse of discretion); *Maiz v. Virani*, 311 F.3d 334, 338 (5th Cir. 2002) (reviewing turnover order for abuse of discretion). Accordingly, we review the district court's issuance of the charging order here for abuse of discretion. *Accord Int. of M.W.M.*, No. 05-19-00757-CV, 2020 WL 6054337, at *2 (Tex. App.—Dallas Oct. 14, 2020, no pet.) (mem. op.);[3] *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (turnover orders); *Gen. Elec. Cap. Corp. v. ICO, Inc.*, 230 S.W.3d 702, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (garnishments). Likewise, "we review the district court's decision to grant injunctive relief for abuse of discretion." *MacPhail v. Oceaneering Int'l, Inc.*, 302 F.3d 274, 277 (5th Cir. 2002).

"In doing so, we note that a trial court's failure to properly analyze the law or apply it to the facts is an abuse of discretion." *Maiz*, 311 F.3d at 338 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). "We review

---

[3] "In Texas, all opinions and memorandum opinions issued by the state courts of appeals in civil cases after January 1, 2003 have precedential value." *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 448 n.2 (5th Cir. 2018) (citing Tex. R. App. P. 47.7 cmt.).

No. 20-50827

a district court's interpretation of a state statute de novo." *Occidental Chem. Corp. v. Elliott Turbomachinery Co.*, 84 F.3d 172, 175 (5th Cir. 1996); *accord Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 562 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

## III.

Under Texas law, "[o]n application by a judgment creditor of a member of a limited liability company or of any other owner of a membership interest in a limited liability company, a court having jurisdiction may charge the membership interest of the judgment debtor to satisfy the judgment." TEX. BUS. ORGS. CODE ANN. § 101.112(a). If a charging order is issued, "the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest." *Id.* § 101.112(b). The creditor "does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company." *Id.* § 101.112(f). Moreover, the statute states that "[t]he entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest." *Id.* § 101.112(d).

The order at issue, in addition to charging Hughes's distributions from M. G. & Sons, requires Hughes and M. G. & Sons to obtain leave from the district court before transferring the Property, any funds (excepting transactions in the ordinary course of business), or Hughes's membership interest to any third party. Hughes contends that this restriction constitutes an improper "legal or equitable remed[y] with respect to[] the property of the limited liability company," prohibited by the charging order statute. And because a charging order is the "exclusive remedy" by which Pearcy and Thomas, as judgment creditors, may satisfy their judgment out of Hughes's

interest in M. G. & Sons, Hughes asserts that the restriction on asset transfers is invalid.

We disagree with Hughes's reading of the district court's order. It is axiomatic that federal courts possess "inherent power to enforce [their] judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 577 (5th Cir. 2005) ("District courts can enter injunctions as a means to enforce prior judgments."). Likewise, the Texas Supreme Court has held that "every court having jurisdiction to render a judgment has the inherent power to enforce its judgments" and "may employ suitable methods" to do so. *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982). "Those methods include, among other things, charging orders and injunctive relief." *M.W.M.*, 2020 WL 6054337, at *2.

In *M.W.M.*, the trial court entered a charging order that "charged" a "[f]ather's interest in certain entities with [his ex-wife's] judgments and ordered those entities not to pay [the f]ather any money or expend any money for [his] personal benefit until the judgments were paid." *Id.* at *1. The father argued on appeal that the order "act[ed] as an injunction" and thus exceeded the court's authority under the charging statute. *Id.* at *3. But the Texas Court of Appeals rejected that argument, finding that the statute "was not the trial court's sole means of enforcing its judgments." *Id.* Instead, the court held that "[i]njunctive relief is an available means to enforce a judgment." *Id.* And in doing so, it affirmed the order's restrictions on the LLCs' payments as a form of injunctive relief. *Id.*

The same reasoning applies here. The district court entered a valid charging order, requiring "any distribution to which Hughes would otherwise be entitled in respect of her membership interest in M. G. & Sons" to go to satisfy Pearcy and Thomas's judgment. *See* Tex. Bus. Orgs. Code Ann. § 101.112(a)–(b). Then the district court added injunctive

relief as a means of enforcing its judgment, just as in *M.W.M.* The district court did not abuse its discretion in fashioning relief as it did.

Hughes maintains that injunctive relief is also inappropriate because Pearcy and Thomas did not specifically request a post-judgeant injunction. But the "nature of a motion is determined by its substance, not its caption." *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008). Though Pearcy and Thomas's "application did not use the word 'injunction,'" *M.W.M.*, 2020 WL 6054337, at *3, their requested relief involved enjoining Hughes and M. G. & Sons from transferring assets to third parties without court approval. And Hughes's own brief refers to this transfer restriction as an "injunction." We decline to elevate form over substance and instead conclude that the district court's restriction on asset transfers from M. G. & Sons without prior leave is, in substance, a post-judgment injunction that despite § 101.112's limitations can coexist with the charging order under the facts of this case. *See id.*

But this does not conclude our analysis. We must yet address whether injunctive relief was proper.

Texas law provides that, in the post-judgment context, a "trial court may enjoin the judgment debtor 'from dissipating or transferring assets to avoid satisfaction of the judgment.'" *Emeritus Corp. v. Ofczarzak*, 198 S.W.3d 222, 227 (Tex. App.—San Antonio 2006, no pet.) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 52.006 and TEX. R. APP. P. 24.2). "[T]he applicable standard is a factual matter requiring the trial court to determine whether the judgment debtor is likely to dissipate or transfer its assets to avoid satisfaction of the judgment." *Id.*; *see also Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 n.2 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). A trial court abuses its discretion in granting such relief "if the only reasonable decision that could be drawn from the evidence is that the

judgment debtor would not dissipate or transfer its assets." *Emeritus Corp.*, 198 S.W.3d at 227.

Here, the district court concluded that the transfer restriction was "justified in light of Hughes's history of fraudulent transfers to avoid payment of a judgment." In other words, the district court not only conjectured that Hughes was "likely to dissipate or transfer" assets to avoid the court's judgment, *id.*; it rested its injunction on, *inter alia*, the fact that the jury found that *she already had*. Specifically, the jury found that prior to this case, Hughes had fraudulently transferred assets from one entity she controlled to another to evade the underlying state court judgment—a judgment that remains unsatisfied. The district court did not abuse its discretion in granting injunctive relief to account for Hughes's decade-long pattern of "evading the payment of monetary judgments," which was amply supported by the record evidence.

Hughes contends that, irrespective of the charging statute's limitations, the transfer restriction is also invalid because it interferes with M. G. & Sons's day-to-day business. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(e) ("[T]he trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business."). But the district court explicitly exempted "transactions in the ordinary course of business" from its order. Thus, the transfer restriction imposed by the court does not interfere with M. G. & Sons's day-to-day business. *See Miga v. Jensen*, No. 02-11-00074-CV, 2012 WL 745329, at *14 (Tex. App.—Fort Worth Mar. 8, 2012, no pet.) (mem. op.) (holding that "injunction [was] . . . not overly broad" because it "allow[ed the judgment debtor] to continue to spend money in the ordinary course of business").

No. 20-50827

Finally, Hughes asserts that the district court erred by subjecting M. G. & Sons to its injunctive relief, because M. G. & Sons is neither a judgment debtor nor a party to this action. On this point we agree with Hughes. *See* Tex. Bus. Orgs. Code Ann. § 101.112(a)–(d) (referencing only the "judgment debtor"); *Emeritus Corp.*, 198 S.W.3d at 227 (discussing a trial court's authority to "enjoin the judgment debtor"); *see also Sargeant*, 512 S.W.3d at 409 n.2 (same). Unlike Hughes, M. G. & Sons bears no liability for the underlying judgment and thus cannot be considered a judgment debtor with respect to it.

Therefore, we modify the district court's order to the extent that it enjoins M. G. & Sons by striking M. G. & Sons from the order, as follows:

> c.      Hughes ~~and M. G. & Sons, LLC~~ must obtain leave of this court before a) transferring the Property to any third party; b) transferring any <u>M. G. & Sons</u> funds to any third party except for transactions in the ordinary course of business; or c) transferring Hughes's interest (or any part thereof) in M. G. & Sons, LLC to any third party.

In doing so, we also clarify that we read the district court's order, even as unmodified, to enjoin Hughes, as the judgment debtor and as M. G. & Sons's sole member, from *causing* M. G. & Sons to effectuate any proscribed transfer indirectly that Hughes could not make directly. In other words, even with M. G. & Sons excised from the order, Hughes cannot accomplish indirectly what she is enjoined from doing directly.

## IV.

It is well established that courts have the power to enforce their judgments through injunctive relief. The district court properly exercised this power, in addition to charging Hughes's interest in M. G. & Sons according to Texas law, by restricting Hughes from transferring assets to

No. 20-50827

evade the court's judgment.  Accordingly, we AFFIRM the district court's order, as MODIFIED above.

AFFIRMED AS MODIFIED.