# United States Court of Appeals for the Fifth Circuit

---

No. 23-30343
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2024

Lyle W. Cayce
Clerk

Chadwick L. Barrington,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, P.L.C.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:10-MD-2179, 2:17-CV-3632

---

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30343

We are faced with another B3 case in the *Deepwater Horizon* litigation where a district court excluded Dr. Jerald Cook's general causation expert opinion and granted summary judgment in favor of Defendants (collectively, "BP"). Finding no error, we AFFIRM.

## I.

Chadwick L. Barrington was hired by BP through sub-contractors to clean up the *Deepwater Horizon* oil spill in 2010. Through this work Barrington "was exposed to crude oil and dispersants," which resulted "in symptoms including, but not limited to: coughing, rashes, sinus problems, [and] strep throat." Later, Barrington expanded his symptoms to include "conjunctivitis, eye burning," "[m]yalgia," "[d]ysuria," "[m]emory loss," "[d]iarrhea," "[s]hortness of breath," and "[a]cne, skin dryness/flaking, inflammation, redness, or swelling . . . ." During his deposition, Barrington reported "blood clotting" and "erectile dysfunction" as symptoms as well. Barrington declined to participate in the previous class action settlement and chose to proceed individually against BP as a B3 plaintiff. His lawsuit was filed in 2017, and he brought exposure claims. At the close of discovery, BP moved to exclude Barrington's general causation expert, Dr. Jerald Cook, and also moved for summary judgment arguing that, in the absence of admissible expert testimony, Plaintiff could not prevail in this toxic tort lawsuit. The district court agreed, excluded Plaintiff's general causation expert, and entered summary judgment. This appeal followed.

## II.

We review a district court's exclusion of expert testimony for abuse of discretion and "do not disturb the court's decision unless it is manifestly erroneous.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 748 (5th Cir. 2018) (quoting *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 369 (5th Cir. 2016)). We review the grant of a motion for summary judgment de novo,

applying the same standard as the district court. *Johnson v. Arkema, Inc.*, 685 F.3d 452, 469 (5th Cir. 2012). That means we view the evidence in the light most favorable to the non-moving party, avoid credibility determinations and weighing of the evidence, and only affirm a grant of summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## III.

*Prest v. BP Expl. & Prod., Inc.*, No. 22-30779, 2023 WL 6518116 (5th Cir. Oct. 5, 2023) (unpublished) (petition for reh'g filed), a related suit against BP brought by a B3 plaintiff, is dispositive of this appeal.[1] There, we recognized that B3 plaintiffs are required "to show both general and specific causation" to prevail on their exposure claims. *Id.* at *2 (citing *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)). General causation is at issue in this appeal, which refers to "'whether a substance is capable of causing a particular injury or condition in the general population.'" *Id.* (citing *Johnson*, 685 F.3d at 468-69 (quoting *Knight*, 482 F.3d at 351)). B3 plaintiffs "*must* show '[s]cientific knowledge of the harmful level of exposure to a chemical' to satisfy general causation." *Id.* (quoting *Allen v. Pa. Eng'r Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)) (emphasis added).

In this case, Barrington tried to prove general causation by submitting the expert report of Dr. Jerald Cook. The district court excluded the evidence because Dr. Cook's report includes no identification of the necessary dose of

---

[1] While *Prest* is unpublished and therefore nonbinding, it is highly persuasive given that the issues in *Prest* are nearly identical to the ones presented in this case. *See Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 322 n.1 (5th Cir. 2019) (per curiam) (noting our unpublished opinions issued after January 1, 1996, are "persuasive authority"). This panel finds the arguments that *Prest* was wrongly decided, as raised in Barrington's reply brief, unavailing.

exposure to crude oil or oil dispersant for any of Barrington's complained-of symptoms to manifest in the general population. Barrington does not dispute that Dr. Cook failed to offer such scientific evidence. Instead, Barrington takes the same tack as the B3 plaintiff in *Prest*—he argues that the district court erred when it "mechanically applied Fifth Circuit jurisprudence without considering: (1) the unique circumstances underlying the BP Oil Spill response; and (2) the substantial body of evidence that BP's breach of its duty to protect the workers led to the loss of valuable monitoring data to support" Barrington's claims. We have already held these exact same "arguments fail for two reasons." *Id.* at *2.

"First, a district court does not abuse its discretion when it properly analyzes the law and applies it to the facts of the case." *Id.* at *3 (citing *Thomas v. Hughes*, 27 F.4th 363, 367 (5th Cir. 2022) (internal quotations omitted)). Barrington fails to offer a citation to "any toxic tort cases where we have not required the plaintiff to show the harmful level of exposure to a chemical in the general population." *Id.* As we did in *Prest*, we find that "the district court" actually "would have erred if it had *not* applied our toxic tort precedent and instead created a new standard." *Id.* (citing *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)) (emphasis in original).

Second, and more to the point, Barrington's "arguments are based on a flawed understanding of the general causation requirement." *Id.* The core of Barrington's "argument is that BP's failure to conduct biomonitoring of oil spill workers and preserve data made it impossible for" Barrington "to reliably recreate dosage levels or otherwise quantify his exposure to the chemicals that caused his alleged injuries." *Id.* (internal quotations omitted). In this way, Barrington "puts the cart before the horse." *Id.* Any "alleged failure to conduct biomonitoring and preserve data has no bearing on general causation"—it "almost always bears on specific causation." *Id.* (quoting *Byrd v. BP Expl. & Prod., Inc.*, No. 22-30654, 2023 WL 4046280, at *2 (5th

Cir. June 16, 2023)). Thus, "even if Cook . . . had quantified" Barrington's "exposure to chemicals that allegedly caused his injuries," i.e., satisfied the specific causation requirement, Dr. Cook's "expert testimony would still fail to satisfy general causation." *Id.* (citing *Johnson*, 684 F.3d at 468-69 (finding no abuse of discretion in excluding an expert witness's causation opinion when the expert provided a differential diagnosis without satisfying general causation requirement)). Again, as we held in *Prest*, we find that the district court did not abuse its discretion in excluding Dr. Cook's opinion. *Id.*

Moreover, expert testimony establishing general causation was required to survive BP's motion for summary judgment. *Id.* Given that Barrington's general causation expert's opinion was properly excluded, summary judgment was therefore due. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (recognizing that summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").[2]

## IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2] We do not reach Barrington's argument that "temporary symptoms or injuries do not require proof of a 'dose' to establish proof of general causation" because of various statements that BP made during a fairness hearing before the judge overseeing the *Deepwater Horizon* multi-district litigation in connection with the approval of the Medical Benefits Class Action Settlement Agreement. Barrington did not make this argument before the district court; it is forfeited. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397-98 (5th Cir. 2021).